BEAUMONT ENTERPRISE &
JOURNAL et al., Petitioner,

v.

Clyde E. SMITH, Respondent.

No. C–3517.

Supreme Court of Texas.

March 6, 1985.

Rehearing Denied April 24, 1985.

Fulbright & Jaworski, Royce R. Till, Jeff Dykes and Roger Townsend, Houston, for petitioner.

Helm, Pletcher & Hogan, George E. Pletcher and J. Donald Bowen, Houston, for respondent.

ROBERTSON, Justice.

Judge Clyde E. Smith sued the Beaumont Enterprise & Journal and its reporter, Linda Gilchriest, for libel. A jury trial ended in a mistrial; thereafter, the defendants moved for summary judgment, and the trial court granted their motion. Holding that there were fact issues presented, the court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. 677 S.W.2d 176. We affirm the judgment of the court of appeals.

The article which forms the basis for Judge Smith's libel claim was written by Linda Gilchriest and published in the Beaumont Enterprise and Journal.[1] Judge Smith's primary allegation is that the article accused him of selecting the grand jury panel and therefore that it accused him of illegal and unethical conduct. See Tex. Code Crim.Proc.Ann. arts. 19.01–19.41, set-

---

1. The entire text of the article is set forth in the opinion of the court of appeals. 677 S.W.2d at 177 n. 1.

ting forth the requirements for organization of a grand jury.

The issue on appeal is whether the defendants met their burden for summary judgment of showing there is no genuine issue of material fact and that their defense is established as a matter of law. Tex.R.Civ.P. 166–A; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970). Every reasonable inference must be indulged in favor of the non-moving party, Judge Smith; and any doubts must be resolved in his favor. *Hudnall v. Tyler Bank and Trust Company,* 458 S.W.2d 183 (Tex.1970).

██ The defendants contend that, as a matter of law, the article was not defamatory, and that it was not reasonably capable of bearing the meaning Judge Smith attributes to it. We are of the opinion that the article contains statements which are at least ambiguous in their meaning. Thus, we cannot say that, as a matter of law, the article is not defamatory. It is for the jury to determine the meaning which the article would convey to an ordinary person. *Denton Publishing Company v. Boyd,* 460 S.W.2d 881, 884 (Tex.1970).

The defendants further contend that the record does not contain any proof of "actual malice." Therefore, they argue that their defense is established as a matter of law because Judge Smith, as a public official, must prove as an essential element of his cause of action that a defamatory false statement was made with "actual malice." *See Doubleday & Co., Inc. v. Rogers,* 674 S.W.2d 751, 753 (Tex.1984). "Actual malice" means "with knowledge that it was false or with reckless disregard of whether it was false or not." *Doubleday,* 674 S.W.2d at 753, *citing New York Times Co. v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

██ For summary judgment, the burden is on the defendants to show the absence of actual malice. *Jackson v. Cheatwood,* 445 S.W.2d 513, 514 (Tex.1969). The

defendants rely on Gilchriest's affidavit that she believed the article to be factually accurate and true. Texas Rule of Civil Procedure 166–A provides that a summary judgment may be based on the uncontroverted testimonial evidence of an interested party provided that the evidence is "clear, positive, direct, otherwise credible ... and could have been readily controverted." Gilchriest's affidavit as to her own state of mind is not evidence that could have been readily controverted; therefore it is not evidence that will support a summary judgment. *See Wise v. Dallas Southwest Media Corp.,* 596 S.W.2d 533, 535–536 (Tex. Civ.App.—Beaumont 1979, writ ref'd n.r. e.); *see also Lewisville State Bank v. Blanton,* 525 S.W.2d 696 (Tex.1975).

The defendants have failed to establish that they are entitled to judgment as a matter of law. The fact issues which warranted a jury trial in the first instance remain as fact issues and they must be determined by a jury. Summary judgment was improper. We affirm the judgment of the court of appeals.

Dissenting opinion by GONZALEZ, J., in which SPEARS, J., joins.

GONZALEZ, Justice, dissenting.

I respectfully dissent. The court is correct that the issue on appeal is whether the Enterprise established its defense as a matter of law to warrant the granting of its summary judgment. The court is incorrect, however, in holding that the Enterprise did not meet its burden of proof.

Judge Smith's recovery for libel must be predicated upon a finding that the article was both defamatory and published with actual malice. The Enterprise's only burden was to negate either element of Smith's cause of action.

To publish with "actual malice" is to do so with knowledge that a statement of fact is false or with reckless disregard for its truth. *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Malice may not be implied or presumed from the mere fact of publication or

the falsity of the statement published. It must be supported by evidence in the record of subjective intent. *See Foster v. Upchurch* 624 S.W.2d 564, 566 (Tex.1981); *El Paso Times, Inc. v. Trexler,* 447 S.W.2d 403, 406 (Tex.1969).

The record is replete with evidence that Gilchriest was thorough in her research: she talked to county employees about the prospective grand jurors; she met with the grand jury commissioners that Smith had appointed; she reviewed the statutes relating to grand jury selection; and she met with several attorneys with whom she discussed the selection process. There is no evidence of actual malice in this record.

For these reasons I would reverse the judgment of the court of appeals and affirm the judgment of the trial court.

SPEARS, J., joins in this dissenting opinion.