Bill BESSENT, Petitioner,

v.

The TIMES–HERALD PRINTING COMPANY, Respondent.

No. C–4624.

Supreme Court of Texas.

Jan. 8, 1986.

Rehearing Denied June 11, 1986.

See also, Tex.Civ.App., 601 S.W.2d 487.

Spivey, Grigg, Kelly & Knisely, Broadus Spivey & Paul E. Knisely, Austin, for petitioner.

Jackson, Walker & Winstead, Jack Pew, Jr., and T. Michael Wilson, Dallas, for respondent.

PER CURIAM.

Bill Bessent sued the Times-Herald Printing Company for libel. The trial court rendered summary judgment for the *Times-Herald.* The court of appeals affirmed the trial court's judgment in an unpublished opinion. We grant writ of error and, without hearing oral argument, reverse the judgments of the district court and the court of appeals, and remand the cause to the district court for a trial on the merits. Tex.R.Civ.P. 483.

The newspaper article made the basis of this lawsuit was from a UPI release on November 26, 1975. The *Times-Herald* altered the UPI story and on November 27, published the following article:

> Fired DPS agent appeals.
>
> Bill Bessent, former head of the Dallas division of the Department of Public Safety's Narcotics Section, appealed to the Texas Public Safety Commission for reinstatement. Bessent was fired from DPS several months ago for allegedly planting narcotics on suspects and physically intimidating persons arrested on narcotics charges.

Although Bessent was under investigation when the article appeared, it is undisputed he was not terminated for planting narcotics on suspects and physically intimidating them.

The *Times-Herald's* summary judgment proof is an affidavit by Robert E. Hollingsworth, a vice-president of the company. The affidavit states that articles by the UPI are routinely run "without substantive changes." The affidavit further asserts that the UPI is a "reliable, accurate, and prestigious news service with a world-wide reputation for truth and accuracy."

Our question is whether the affidavit filed by the *Times-Herald* is sufficient to establish the absence of malice as a matter of law. *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). The burden is on the *Times-Herald* to show the absence of actual malice. *Jackson v. Cheatwood,* 445 S.W.2d 513, 514 (Tex.1969). In a summary judgment, every reasonable inference must be indulged in favor of the non-moving party, Captain Bessent, and any doubts must be resolved in his favor. *Hudnall v. Tyler Bank & Trust Co.,* 458 S.W.2d 183 (Tex.1970).

Summary judgment affidavits may be based on the uncontroverted testimony of an interested party provided the evidence is "clear, positive, direct, otherwise credible ... and could have been readily controverted." Tex.R.Civ.P. 166–A(c). Hollingsworth's affidavit on the reliability of the UPI wire service is very similar to the affidavit this court considered in *Beaumont Enterprise & Journal v. Smith,* 687 S.W.2d 729 (Tex.1985). Both newspapers' affidavits were by interested party witnesses; each asserted the reliability and accuracy of admittedly false statements; and the assertions in each case were based on knowledge of facts under the control of the newspapers' employees. These affidavits cannot be readily controverted. As in *Beaumont Enterprise & Journal,* we hold that Hollingsworth's affidavit made to establish the absence of malice will not support a summary judgment. *See id.* at 730.

The *Times-Herald* has failed to establish as a matter of law its defense of absence of malice. The decision of the court of appeals is in conflict with this court's opinion in *Beaumont Enterprise & Journal.* We grant Bessent's application for writ of error and, without hearing oral argument, reverse the judgments of the district court and court of appeals, and remand the cause to the district court. Tex.R.Civ.P. 483.