**ASSOCIATED TELEPHONE DIRECTORY PUBLISHERS, INC., Appellant,**

v.

**BETTER BUSINESS BUREAU OF AUSTIN, INC., Appellee.**

No. 13–85–403–CV.

Court of Appeals of Texas, Corpus Christi.

May 15, 1986.

Rehearing Denied June 5, 1986.

---

Paul Dodson, Cox, Dodson & Bjorum, Corpus Christi, for appellant.

David H. Donaldson, Jr., Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appellant brought suit for libel, complaining that John Etchieson, president of appellee corporation, libeled appellant by referring to appellant's solicitation techniques as "phony invoicing." The trial court granted appellee's motion for summary judgment. We reverse the judgment of the trial court and remand for a trial.[1]

Appellee's motion for summary judgment argued that:

> [T]he May/June 1980 article [in which Etchieson referred to "phony invoicing"] is privileged under the common law as a communication among members of a nonprofit organization containing matters that concern them as members of the organization, is privileged as a good faith communication to persons to whom the Better Business Bureau had a duty to communicate, is a constitutionally protected (and thus nonactionable) statement of opinion, is privileged by statute as a fair comment on a matter of public concern to Better Business Bureau members, and is nonactionable because it is substantially true.

Appellant, by his sole point of error, complains that the trial court erred in granting appellee's motion for summary judgment based on the contentions outlined above.

The issue before us is whether appellee met its burden for summary judgment by showing that there is no genuine issue of material fact and that its defense is established as a matter of law. In determining whether appellee has met its burden, every reasonable inference must be indulged in favor of the non-moving party (appellant) and any doubts must be resolved in appellant's favor. *Beaumont Enterprise & Journal v. Smith*, 687 S.W.2d 729, 730 (Tex.1985).

The summary judgment evidence establishes as a matter of law that appellee was subject to a qualified privilege in making the litigated statement. This Court held in *Zarate v. Cortinas*, 553 S.W.2d 652 (Tex. Civ.App.—Corpus Christi 1977, no writ):

---

1. Appellee brought a motion to strike appellant's supplemental brief, in which we withheld any ruling until this time. Although appellant more eloquently drafted the supplemental brief, we find it merely supplements the original brief and raises no new grounds of error. Therefore, we grant appellant permission to file the supplemental brief and note appellee has adequately responded by appellee's reply to supplemental brief.

[A] qualified privilege occurs where the social policy considerations (public policy and interest) are of relatively less weight so that inquiry into the motive and reasonableness behind the statement is permitted. Such communications are privileged when made in good faith on any subject matter in which the author has an interest, or with reference to which he has a duty to perform to another person having a corresponding interest or duty. *Id.* at 654–55; *see Houston v. Grocers Supply Co.*, 625 S.W.2d 798, 800 (Tex.App.—Houston [14th Dist.] 1981, no writ). When circumstances creating a qualified privilege exist, the movant for summary judgment has the burden of proving the absence of malice. *Beaumont Enterprise & Journal v. Smith*, 687 S.W.2d 729, 730 (Tex.1985); *Grocers Supply Co.*, 625 S.W.2d at 801.

■ The appellee distributed the newsletter containing the alleged libelous statement to members of the Better Business Bureau and a few government officials. The newsletter reported as follows:

ASSOCIATED TELEPHONE DIRECTORY PUBLISHERS, INC.—This Corpus Christi firm is sending out solicitations in the guise of an invoice. This is not to be confused with the yellow page advertising of Southwestern Bell Telephone Co. The Corpus Christi BBB reports complaints of delay in delivery and confusion with other yellow page advertising. As in any other advertising Austin firms should consider carefully the area covered by this solicitation to determine its value. This is just another phony invoice; firms are not obligated to pay the bill. Members warn your bookkeeper.

This communication falls within a subject matter in which the author has an interest, or with reference to which he has a duty to perform to another person having a corresponding interest or duty. Therefore, we must determine whether appellee met its burden of showing good faith and an absence of malice.

Malice involves a communication in which the author had knowledge that it was false or acted with reckless disregard

of whether it was false or not. *El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403, 405 (Tex.1969) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)).

■ Appellee did not meet its burden of proving, as a matter of law, the absence of malice. The summary judgment evidence, which consists mainly of depositions of complaining members of the Better Business Bureau and the affidavits of the parties' representative, shows appellee received complaints, but is not determinative of whether the author acted with knowledge of or reckless disregard of the veracity of the communication.

The absence of malice is necessary to uphold the trial court's summary judgment, unless the communication is absolutely privileged or is the truth. "An absolutely privileged communication is one for which, by reason of the occasion upon which it was made, no remedy exists in a civil action for damages for libel or slander even though the language was false and was uttered or published with express malice." *Zarate*, 553 S.W.2d at 654. Absolute privilege extends to judicial, legislative, and executive proceedings, to communications between husband and wife, and to other situations where social interest entitles the defendant to protection even at the expense of uncompensated harm to the plaintiff's reputation. *Id.; see Moore & Associates v. Metropolitan Life Insurance Co.*, 604 S.W.2d 487, 489 (Tex.Civ.App.—Dallas 1980, no writ); TEX.CIV.PRAC. & REM. CODE § 73.002 (Vernon 1986). Appellee's communication does not warrant absolute privilege protection. Appellee contends Section 73.002(b)(2) creates a privilege which supports the trial court's summary judgment. This section reads that "reasonable and fair comment on or criticism of an official act of a public official or other matter of public concern published for general information" is privileged and is not a ground for a libel action.

"A false statement of fact concerning another, even if made in a discussion of matters of public concern, is not privileged

as fair comment." *Davila v. Caller Times Publishing Co.*, 311 S.W.2d 945, 947 (Tex. Civ.App.—San Antonio 1958, no writ); *see A.H. Belo & Co. v. Looney*, 246 S.W. 777, 783 (Tex.1922). In other words, a reasonable and fair comment is a true statement of fact. Appellee's summary judgment evidence does not establish the truth of the communication as a matter of law. The solicitation, which is in the summary judgment evidence, creates an issue of material fact concerning the truth of the communication.

As with a true statement, an expression of an opinion is not ground for a libel suit. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789 (1974). However, appellee's accusation that "this is just another phony invoice" was not merely an expression of opinion. It was a statement of fact which must be proved to be true or subject to privilege. *See, e.g., First State Bank v. Ake*, 606 S.W.2d 696, 700 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

We sustain appellant's point of error. The judgment of the trial court is REVERSED and REMANDED for a trial.