**Othal E. BRAND, Appellant,**

v.

**Ramiro CASSO, M.D., Appellee.**

**No. 13–86–422–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 22, 1987.

Rehearing Denied Dec. 31, 1987.

OPINION

DORSEY, Justice.

A summary judgment was granted in this defamation action in favor of the defendant, Dr. Ramiro Casso. The action arose from statements allegedly made by Dr. Casso concerning Othal Brand, plaintiff below, during an election in which the parties were opposing candidates for the office of Mayor of the City of McAllen, Texas.

Mayor Brand, the incumbent, alleged in his petition that Dr. Casso made several false statements about him during the 1981 campaign concerning his term as mayor. Mayor Brand alleged that he was defamed by Dr. Casso's statements during radio broadcasts which described Mayor Brand as a barbarian who allowed beatings of children by the police and who ordered the destruction of evidence of those acts. Mayor Brand also alleged that Dr. Casso gave an interview for a magazine in which he is quoted as saying that the mayor ruled the city like an ayatollah and had planned to close the hospital to the city's poor.

By his first two points of error, Mayor Brand contends that Dr. Casso's summary judgment evidence failed to satisfy his burden of showing that no genuine issue of material fact exists and that his defense is established as a matter of law. *Beaumont Enterprise & Journal v. Smith*, 687 S.W. 2d 729, 730 (Tex.1985); Tex.R.Civ.P. 166–A. Every reasonable inference must be indulged in favor of Mayor Brand, the non-moving party in the summary judgment, and any doubts resolved in his favor. *Bessent v. Times–Herald Printing Co.*, 709 S.W.2d 635, 635–36 (Tex.1986); *Smith*, 687 S.W.2d at 730; *Associated Telephone Directory Publishers v. Better Business Bureau*, 710 S.W.2d 190, 191 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

Specifically, Mayor Brand contends that Dr. Casso failed to show he acted without actual malice when he made the complained-of statements. A statement is made with "actual malice" when it is made with knowledge that it is false or

Donald W. Allee, Edinburg, for appellant.

R.A. Vidaurri, Edinburg, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

with reckless disregard of its truth or falsity. *Smith*, 687 S.W.2d at 730; *Associated Telephone*, 710 S.W.2d at 192. To secure a summary judgment where the actual malice standard applies, the defendant has the burden to prove he did not act with actual malice. *Bessent*, 709 S.W.2d at 635; *Smith*, 687 S.W.2d at 730.

■ The first question to be resolved is the standard to be applied in a slander action brought by one candidate against his opponent for statements made during the course of an election campaign. Mayor Brand is a public figure, and Dr. Casso's comments concerning his actions as mayor are a matter of public concern. In a lawsuit against a media defendant, Mayor Brand would be required to prove the defendant acted with actual malice. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986); *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). However, the Supreme Court has not yet determined whether this same burden befalls a public official or public figure when he sues a nonmedia defendant, such as Dr. Casso. *See Hepps*, 106 S.Ct. at 1565 n. 4; *but see Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968) (Supreme Court applied *Sullivan* standard in suit by non-media plaintiff against candidate for public office); *Garrison v. Louisiana*, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964) (criminal district attorney's conviction for criminal defamation for comments about judges was reversed; actual malice standard applied).

At least two lower federal courts have applied the actual malice standard in cases where public figure plaintiffs sued nonmedia defendants. *Avins v. White*, 627 F.2d 637, 648–49 (3d Cir.), *cert. denied*, 449 U.S. 982, 101 S.Ct. 398, 66 L.Ed.2d 244 (1980); *Davis v. Schuchat*, 510 F.2d 731, 734 n. 3 (D.C.Cir.1975); *see also Hepps*, 106 S.Ct. at 1565–66 (Brennan, J., concurring); *Dairy Stores, Inc. v. Sentinel Publishing Co.*, 104 N.J. 125, 516 A.2d 220, 234 (1986) (discussing the *Sullivan* standard of actual malice applied to nonmedia defendants); *Hein v. Lacy*, 228 Kan. 249, 616 P.2d 277,

283–84 (1980) (discussing *Sullivan* standard in suit between candidates for public office). As Justice Brennan noted in *Hepps*, the value to the public of speech, in terms of its capacity to inform, does not depend upon the identity of its source. *Hepps*, 106 S.Ct. at 1565–66; *see also Dunn & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 105 S.Ct. 2939, 2957, 86 L.Ed.2d 593 (1985) (Brennan, J., dissenting).

Surely, it is as important to protect the exchange of viewpoints between candidates for public office as it is to protect the media's First Amendment right to report on those exchanges. We hold Mayor Brand would have to show Dr. Casso acted with actual malice in order to recover at trial. At the summary judgment stage, however, Dr. Casso as movant had the burden to *disprove* actual malice. *Bessent*, 709 S.W.2d at 635. We will examine the evidence to determine whether Dr. Casso has met this burden.

■ Dr. Casso's summary judgment proof consisted of his affidavit, wherein he states he never acted with malice or knowingly uttered an untrue statement about Mayor Brand, and that he based his statements on the testimony given by a McAllen Police Department captain in a different trial in federal court. Dr. Casso attached a certified copy of the transcript of that officer's testimony at the end of his affidavit. Dr. Casso argues that this proof establishes his good faith and lack of actual malice. Mayor Brand filed a response to the motion for summary judgment but provided no controverting summary judgment evidence.

Summary judgment affidavits may be based on the uncontroverted testimony of an interested party provided the evidence is "clear, positive, direct, otherwise credible ... and could have been readily controverted." Tex.R.Civ.P. 166–A(c). A self-serving affidavit that a party did not act with malice cannot be readily controverted; a subjective determination of one's state of mind does not establish absence of malice as a matter of law. *See generally Bessent*, 709 S.W.2d at 636; *Smith*, 687 S.W.2d at 730; *Donaldson v. Lake Vista Communi-*

ty Improvement Association, 718 S.W.2d 815, 818 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Goodman v. Gallerano,* 695 S.W.2d 286, 288 (Tex.App.—Dallas 1985, no writ).

Dr. Casso argues that his reliance on the police captain's testimony proves he acted without malice. A similar argument by the defendant in *Bessent* failed. There, the affiants stated that their reliance on the UPI wire service showed they acted without malice. Repeating another's statements, even if sworn, does not by itself show lack of knowledge that they are false or made with reckless disregard of their truth or falsity. Whether Dr. Casso acted with malice is a fact issue which remains unresolved.

Dr. Casso also argues that the statements he made regarding Mayor Brand's ties to alleged incidents of police brutality were true, and therefore not actionable, because he used sworn testimony as the foundation for those statements. The truth or falsity of the statements remains a fact question for the jury; merely because a statement is made under oath does not make it true.

■ Finally, Dr. Casso contends that his statements were privileged as reasonable and fair comments or criticism of Mayor Brand's tenure during a heated campaign for public office. Dr. Casso cites *Fitzjarrald v. Panhandle Publishing Co.,* 228 S.W.2d 499 (Tex.1950), a case interpreting former Tex.Rev.Civ.Stat.Ann. art. 5432, now codified at Tex.Civ.Prac. & Rems.Code Ann. § 73.002(b)(2) (Vernon 1986). That statute provides that certain matters published in newspapers or other periodicals are privileged and not actionable in libel. The Texas Supreme Court has held that the statute also applies to broadcasts of defamatory statements read from a prepared script, which is libel rather than slander. *Christy v. Stauffer Publications, Inc.,* 437 S.W.2d 814, 815 (Tex.1969). The statute by its terms protects only media defendants, not individuals like Dr. Casso. The statute specially does not protect *false* statements, and it is a fact question whether Dr. Casso's statements were true or not. *See Den-*

ton Publishing Co. v. Boyd, 460 S.W.2d 881 (Tex.1970); *Christy,* 437 S.W.2d at 815–16.

■ Nor do any common-law privileges avail Dr. Casso. His statements were not absolutely privileged under Texas law. *See Associated Telephone,* 710 S.W.2d at 192; *Zarate v. Cortinas,* 553 S.W.2d 652, 654 (Tex.Civ.App.—Corpus Christi 1977, no writ). Texas common law also recognizes qualified privileges, in certain situations, which require a plaintiff to prove actual malice to recover. *See American Telephone,* 710 S.W.2d at 192; *Zarate,* 553 S.W.2d at 654–55. This is the same burden a public official plaintiff has under the constitutional minimum standard of *Sullivan, Hepps,* and similar cases. We find no privileges in Texas law that impose a stricter burden on a public official plaintiff than the constitutional "actual malice" standard. *See generally* Restatement (Second) of Torts § 580A comment e (1976). We have held that Mayor Brand will be subject to the actual malice standard at trial.

At trial, Mayor Brand has the burden to prove actual malice by Dr. Casso; at the summary judgment stage, Dr. Casso, as movant, has the burden to prove his lack of actual malice or that the statements were true. We hold that Dr. Casso failed to show the truth of his statements or that he acted without actual malice and reverse and remand this case for trial.

The judgment is REVERSED and REMANDED.

UTTER, J., not participating.