Walter A. CARR and Al
Thiel, Petitioners,

v.

Lynn BRASHER, Respondent.

No. C–7248.

Supreme Court of Texas.

May 10, 1989.

Rehearing Denied June 21, 1989.

Mithoff & Jacks, Richard Warren Mithoff, Tommy Jacks, Scott Rothenberg, Houston, for Carr.

Craig Smyser, Paul E. Stallings, Houston, for Thiel.

Beatrice Maldenka–Fowler, Houston, for respondent.

GONZALEZ, Justice.

This is a defamation action brought by a public figure. Lynn Brasher, former mayor of the City of South Houston, Texas, sued the victorious candidate, Al Thiel, alleging that Thiel had libeled him in the course of the campaign in a series of campaign brochures authored by the second defendant, Walter Carr. The court of appeals reversed the trial court's summary judgment in favor of the defendants in part on the basis that the defendants had failed to establish the absence of malice as a matter of law and remanded the cause to the trial court. 743 S.W.2d 674. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

In early 1985, Brasher, the incumbent mayor, was embroiled in an intense campaign for reelection. During the campaign, Thiel printed and published four campaign brochures. These brochures, which were written by Carr, were highly critical of Brasher and his administration. On April 6, 1985, Brasher lost his bid for reelection and Thiel was elected mayor. Several months later, Brasher filed this lawsuit alleging that Carr and Thiel published libelous statements in the four brochures which were mailed to every voter in South Houston. The brightly colored brochures criticized and ridiculed Brasher and his administration through the use of pictures, political cartoons and statements, such as:

> The mayor said no tax raise? Bologna! What's wrong with City Hall?

> Here's what kind of 'management' he's brought to City Government.

> Brasher—you better hurry. You only have four months left to ruin us before the April Election.

> On April 6, 1985, we have a choice. Continue as a 'banana republic' with a police state mentality or vote your conscience and throw the rascal and his puppets out.

> The bottom line is that this public servant has no administrative ability, is totally inept, and makes up for his shortcomings and incompetence by uttering loud strident vulgarities.

> Let us see if cronyism and more is involved.

One brochure stated that Brasher paid thousands of dollars with general fund checks of the City of South Houston to his "personal bookkeeper." Another brochure alleged "payoffs" were made to Brasher's "cohorts" on a grass mowing contract.

Carr and Thiel filed separate motions for summary judgment asserting, among other things, that:

(1) The statements contained in the brochures are not libelous as a matter of law;

(2) The statements are not actionable because they are either opinions or true statements of fact;

(3) Brasher is a public figure, and as a matter of law, no malice existed to support recovery for libel.

Carr, in support of his motion for summary judgment, introduced summary judgment evidence consisting of his deposition, Brasher's answers to interrogatories propounded by Carr and Thiel, and his affidavit in which he stated that:

(a) he was an attorney in Texas since 1959;

(b) he served as municipal court judge of the City of South Houston for approximately 20 years;

(c) the statements made the basis of Brasher's complaints are statements of opinion;

(d) any statements of fact contained therein are true; and

(e) he did not have any serious doubts about the truth of the statements.

In his deposition, Carr identified sources of the alleged statements of fact made in the brochures.

Thiel, in support of his motion for summary judgment, introduced summary judgment evidence consisting of his deposition and affidavit in which he stated that he:

(a) was elected mayor of South Houston in April 1985;

(b) had been in the printing business for twenty years;

(c) on many occasions, had printed material for Carr;

(d) did not edit the material or otherwise alter it but merely reproduced what was submitted by Carr;[1] and

(e) did not have any doubts about the truth of the statements.

He further stated that:

(f) the statements Brasher complains about are statements of opinion; and

(g) the other statements in the newsletters are true statements of fact.

Brasher filed a response to the defendants' motions for summary judgment and charged that the defendants had accused him of various things which, if true, would be official misconduct and that the defendants had manipulated "untruths, part truths, omission, juxtaposition and innuendo," to damage his good reputation.

The trial court granted summary judgment for the defendants without specifying the ground or grounds on which it relied. The court of appeals held that summary judgment could not be affirmed on any of the grounds asserted by the defendants. Particularly, the court of appeals, relying on this court's decisions in *Bessent v. Times–Herald Printing Co.*, 709 S.W.2d 635 (Tex.1986) and *Beaumont Enterprise & Journal v. Smith*, 687 S.W.2d 729 (Tex. 1985), held that the summary judgment proof of Carr and Thiel did not negate actual malice, one of the elements of Brasher's cause of action, as a matter of law. Thus, the court of appeals reversed the judgment of the trial court and remanded the cause to the trial court for trial on the merits. We must analyze this case in light of our decision today in *Casso v. Brand*, 776 S.W.2d 551 (Tex.1989).

█ When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See Borg–Warner Acceptance Corp. v. C.I.T. Corp.*, 679 S.W.2d 140, 142 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). We will now consider whether any of the grounds asserted by Carr and Thiel support the summary judgment.

*Not Libelous as a Matter of Law*

█ Carr and Thiel contend that the statements contained in the brochures cannot be libelous as a matter of law. To sustain a defamation cause of action, a public official or public figure must prove that the defendant (1) published a statement; (2) that was defamatory concerning the public official or public figure; and (3) that the false statement was made with actual malice. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964); *Casso*, 776 S.W.2d at 555, *Channel 4, KGBT v. Briggs*, 759 S.W.2d 939, 941 (Tex.1988). Whether words are capable of the defamatory meaning the plaintiff attributes to them is a question of law for the court. *Musser v. Smith Protective Serv., Inc.*, 723 S.W.2d 653, 654–55 (Tex.1987).

In *Musser*, Smith, the owner of a security and protective firm, wrote a letter to a

---

1. Thiel urges us to recognize a privilege of "accurate republication." In view of the fact that we are disposing the case on other grounds, we do not reach this issue.

former client hoping to reattract that former client's business. The letter noted that Musser was a former employee and competitor of Smith and read: "When Mr. Musser left us, he was able, as so many of our ex-employees have in the past, to relieve us of certain of our polygraph accounts." Musser brought a libel action against Smith based on the statements contained in the letter. We concluded the letter was not defamatory as a matter of law. *Id.* at 655. In reaching this conclusion, we stated that allegedly libelous statements must be construed as a whole, in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement. Only when the court determines the language to be ambiguous or of doubtful import should a jury be permitted to determine the statement's meaning and the effect the statement has on the ordinary reader. *Id.; Denton Publishing Co. v. Boyd,* 460 S.W.2d 881, 884 (Tex.1970).

In the present case, some of the statements contained in the brochures are not capable of defamatory meaning. Others are ambiguous or of doubtful import. Still other statements in the brochures are nothing more than constitutionally protected political speech. However, we need not decide this issue as we dispose of the cause on other grounds.

## Fact or Opinion

■ Carr and Thiel next contend that the statements contained in the brochures are constitutionally protected expressions of opinion. All assertions of opinion are protected by the first amendment of the United States Constitution and article I, section 8 of the Texas Constitution. *See Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3006–07, 41 L.Ed.2d 789 (1974); *O'Quinn v. State Bar,* 763 S.W.2d 397, 402 (Tex.1988); *El Paso Times, Inc. v. Kerr,* 706 S.W.2d 797, 798 (Tex.App.—El Paso 1986, writ ref'd n.r.e.), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 761 (1987).

■ The core values of the first amendment reflect a "recognition of the funda-mental importance of the free flow of ideas and opinions on matters of public interest and concern." *Hustler Magazine v. Falwell,* 485 U.S. 46, 108 S.Ct. 876, 879, 99 L.Ed.2d 41 (1988). In *Gertz,* the Supreme Court stated:

> Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact. Neither the intentional lie nor the careless error materially advances society's interest in "uninhibited robust, and wide-open debate on public issues."

*Gertz,* 418 U.S. at 339–40, 94 S.Ct. at 3006–07 (quoting *New York Times,* 376 U.S. at 270, 84 S.Ct. at 720). By this statement, *Gertz* elevated to constitutional principle the distinction between fact and opinion. *Ollman v. Evans,* 750 F.2d 970, 975 (D.C. Cir.1984). Thus, whether the publication is a protected expression of opinion or an actionable statement of fact is a question of law for the court. Since the United States Supreme Court had failed to provide guidance as to the manner in which the distinction between fact and opinion is to be discerned, the *Ollman* court devised a four factor test to facilitate this distinction. *Ollman,* 750 F.2d at 979; *Kerr,* 706 S.W.2d at 798. We need not adopt or apply the *Ollman* factors here, as we decide this cause on other grounds.

## Actual Malice

■ Carr and Thiel argue that even if the statements in question are fact and not opinion and even if they failed to prove that the statements were true, summary judgment should have been sustained because Brasher failed to prove that actual malice existed. In *New York Times,* 376 U.S. at 279–80, 84 S.Ct. at 725–26, the Supreme Court declared that the first amendment "prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual

malice'...." The *New York Times* requirements were later extended to libel suits brought by public figures as well. *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 164, 87 S.Ct. 1975, 1996, 18 L.Ed.2d 1094 (1967) (Warren, C.J., concurring). In the present case, both sides agree that Brasher is a public figure. Thus, as an element of his cause of action, Brasher has the burden at trial of proving by clear and convincing evidence that Carr and Thiel acted with actual malice. *See Gertz*, 418 U.S. at 342, 94 S.Ct. at 3008; *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 511 n. 30, 104 S.Ct. 1949, 1965 n. 30, 80 L.Ed.2d 502 (1984). Actual malice is not ill will; it is the making of a statement with knowledge that it is false, or with reckless disregard of whether it is true. *Gertz*, 418 U.S. at 328, 94 S.Ct. at 3001. "Reckless disregard" is defined as a high degree of awareness of probable falsity, for proof of which the plaintiff must present "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968); *Casso*, 776 S.W.2d at 558. An error in judgment is not enough. *See Time, Inc. v. Pape*, 401 U.S. 279, 290, 91 S.Ct. 633, 639, 28 L.Ed.2d 45 (1971); *Briggs*, 759 S.W.2d at 941.

In Texas, a summary judgment may be based on "uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and *could have been readily controverted.*" Tex.R.Civ.P. 166a(c) (emphasis added).

Although we chose in *Casso* not to carve out a special exception to our summary judgment practice for public figure and public official defamation cases, the court, in overruling *Bessent* and *Beaumont Enterprise*, made it possible for defendants to obtain a summary judgment in such cases. In *Casso*, the defendant (Casso) submitted an affidavit and supporting evidence establishing that he did not believe that certain allegations he made were false and that he did not act with reckless disregard as to their truth or falsity in repeating those allegations in his campaign advertising. As evidence supporting his motion for summary judgment, Casso submitted his affidavit and certain testimony from a pending federal trial. He asserted in his affidavit that this testimony formed the basis of his allegedly defamatory statements. The court in *Casso* held that because the plaintiff, Brand, "presented no controverting proof, summary judgment as to these statements was proper." *Id.* at 558.

■ Similarly, in the present case, both Carr and Thiel submitted affidavits with their motions for summary judgment which stated, in relevant part, that the statements published in the brochures "are not false" and neither Carr nor Thiel "had any doubts, and certainly no serious doubts about the truth of the statements." As we previously stated, Carr submitted his deposition testimony as evidence supporting his motion for summary judgment. In that deposition, Carr identified sources of the allegedly defamatory statements of fact made in the brochures. Thiel also submitted his deposition testimony as evidence supporting his motion for summary judgment. In that deposition, Thiel testified that "Mr. Carr, being a judge for twenty years ... I had no reason to question this man about anything in the [brochures]." As Brasher presented no controverting proof that Carr and Thiel believed that the statements in question were false or published with reckless disregard for the truth, the trial court correctly granted summary judgment in favor of Carr and Thiel.

The judgment of the court of appeals is reversed and that of the trial court is affirmed.

MAUZY, J., files a concurring and dissenting opinion.

PHILLIPS, C.J., files a dissenting opinion in which COOK, J., joins.

RAY, J., files a dissenting opinion.

HECHT, J., not sitting.

MAUZY, Justice, concurring and dissenting.

I concur in the result reached by the court but dissent because the court follows *Casso v. Brand,* decided today, in overruling *Bessent v. Times–Herald Printing Co.,* 709 S.W.2d 635 (Tex.1986), and *Beaumont Enterprise & Journal v. Smith,* 687 S.W.2d 729 (Tex.1985).

PHILLIPS, Chief Justice, dissenting.

Because of the reasons set forth in my dissenting opinion today in *Casso v. Brand,* I respectfully dissent.

While I agree that Carr and Thiel have met their burdens to obtain a summary judgment under the standards we announce today, I would remand this cause in the interest of justice to allow Brasher the opportunity to raise a fact issue in response to the summary judgment motions.

COOK, J., joins in this opinion.

RAY, Justice, dissenting.

I dissent in this cause for the same reason as expressed in my dissenting opinion delivered today in *Casso v. Brand,* 776 S.W.2d 551 (Tex.1989). As in *Casso,* I feel that if the majority insists on overturning established Texas summary judgment law, the very least it could do is to remand for a new trial in the interest of justice.