Billy Earl JOHNSON, Appellant,

v.

The HOUSTON POST COMPANY, Appellee.

No. B14–90–566–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 28, 1991.

Rehearing Denied March 28, 1991.

Robert J. Binstock, Houston, for appellant.

William J. Boyce, Thomas C. Godbold, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment granted in favor of appellee, The Houston Post Company (Post). Appellant brings two points of error alleging that the trial court erred in granting appellee's motion for summary judgment because: (1) appellee's claim of statutory privilege is a question of fact for the jury; and (2) the defamatory language used was ambiguous and the jury must be allowed to determine whether the language was defamatory to an ordinary reader. For the purpose of this appeal we find it necessary to address only appellant's second point of error. We affirm.

On August 19, 1986, over one hundred thousand Houston residents found that the trash placed outside for pick-up by the sanitation department was not removed. This was a result of sanitation workers calling in sick. The calls were prompted by the city's decision to lay off over one hundred and fifty sanitation workers and lengthen collection routes. The "sick" sanitation workers gathered at city hall while two chosen delegates negotiated with the mayor and union representatives. Appellant was one of these delegates.

Appellant spoke with the mayor about the strike after giving speeches to the striking workers outside city hall. Appellant admitted his role as "spokesperson" and "representative". The Post reported on the strike and on appellant's activities.

Appellant filed a libel suit against the Post approximately one year after the story appeared in the newspaper. The suit alleged that the Post libeled appellant when it stated that appellant was "among the most militant speakers ... outside City Hall". The trial court granted appellee's motion for summary judgment.

In his second point of error appellant claims that the language used by the Post was ambiguous and therefore the jury must be allowed to determine whether the language was defamatory to an ordinary reader.

The law in the area of libel is settled; in a libel action, the initial question for determination is a question of law to be decided by the trial court: were the words used reasonably capable of a defamatory meaning. *Musser v. Smith Protective Services, Inc.*, 723 S.W.2d 653, 654 (Tex.1987); *Beaumont Enterprise & Journal v. Smith*, 687 S.W.2d 729, 730 (Tex.1985). The court construes the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement. *Fitzjarrald v. Panhandle Publishing Co.*, 149 Tex. 87, 228 S.W.2d 499, 504 (1950). Only when the court determines the language is ambiguous or of doubtful import is a fact issue, suitable for the jury, raised. *See Musser*, 723 S.W.2d at 655. The threshold question then, which is a question of law, is whether appellee's

statements are reasonably capable of a defamatory meaning.

Appellee's story described appellant as a "militant **speaker**". The article did not accuse appellant of violent acts or suggest unlawful behavior on his part. The story explicitly said he was a speaker. Simply placing the word militant in front of speaker does not make the statement defamatory. In fact, the Post was right on target in using the word militant in the context of the story as a whole. Webster's New Collegiate Dictionary lists, as a definition of militant: aggressively active (as in a cause). The word militant, combined with the word speaker, in the situation that was reported by the Post, is right on target. The evidence and the words of the appellant show that he was aggressively active in the sanitation workers' cause as a speaker. The Post's statement cannot be described in any sense as defamatory.

Based upon a review of the statements in light of the circumstances in which they were written, appellee's words are not capable of a defamatory meaning. As a matter of law, then, the statement was not libelous or defamatory. Therefore, the trial court properly granted the summary judgment in favor of the Post.

The overruling of appellant's second point of error disposes of the entire case. If the statement was not defamatory in the first instance, appellee cannot recover on any ground. The judgment of the trial court is affirmed.