**Raymond HARDWICK, Appellant,**

v.

**HOUSTON LIGHTING AND POWER COMPANY, Appellee.**

No. 13–93–492–CV.

Court of Appeals of Texas, Corpus Christi.

July 29, 1994.

Rehearing Overruled Aug. 31, 1994.

Stephen E. Menn, Houston, for appellant.

L. Chapman Smith, Suzanne H. Stenson, Kathryn S. Vaughn, Baker & Botts, Houston,

Bob E. Shannon, Baker & Botts, Austin, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

### OPINION

DORSEY, Justice.

Raymond Hardwick appeals a take nothing summary judgment against him. He sued appellee, Houston Lighting & Power, for slander, contending HL & P employees made false and defamatory statements about why he was fired. We reverse and remand.

Hardwick is a twenty-four year former employee of HL & P. At the time of his discharge from HL & P he was operations foreman at the P.H. Robinson Power Plant near League City. In late June 1990, while Hardwick was foreman on the day shift, an accident resulted in saltwater entering the boiler system at a unit in the plant. The contamination was not detected for approximately twenty hours and the unit was severely damaged. In August 1990, Hardwick and four other employees were discharged. Hardwick claims that HL & P employees published statements that he was fired because HL & P considered him responsible for failing to detect saltwater in the boiler system. He also claims that he was forced to reveal the reason for his discharge to prospective employers and that his compelled self-publication furnishes a basis for liability.

HL & P moved for summary judgment on Hardwick's defamation claims[1] on several grounds and attached summary judgment proof. Hardwick responded and attached his own evidence.

The trial court granted HL & P's motion generally; if it can be upheld on any ground asserted in the motion, it will be sustained. *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied).

■ In a summary judgment proceeding, the burden is on the movant to establish that there are no genuine issues of material

fact and that he is entitled to judgment as a matter of law. Evidence favorable to the nonmovant will be taken as true; every reasonable inference from the summary judgment evidence will be indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant may obtain summary judgment by negating an essential element of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The standard of review is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Gibbs*, 450 S.W.2d at 828.

■ Slander is a defamatory statement published orally to a third person without legal excuse. *Diaz v. Rankin*, 777 S.W.2d 496, 498 (Tex.App.—Corpus Christi 1989, no writ). A statement is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him, or if it tends to expose him to public hatred, contempt, or ridicule. 53 C.J.S. Libel and Slander § 2 (1987).

■ One of the grounds urged in Appellee's Motion for Summary Judgment was that the statement was not defamatory as a matter of law. Appellant's first point of error assails this contention and asserts the statement is capable of defamatory import. Whether a statement is capable of defamatory meaning is generally a question of law unless the statement's meaning is ambiguous; then the question of interpretation is left for the jury. *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654–55 (Tex.1987). In order to sustain the summary judgment on this ground, the statement must not be defamatory as a matter of law.

■ Hardwick maintains that the alleged defamatory statement was that he was fired because he allowed salt water to get into the boilers with resulting damage to a turbine.

---

1. Hardwick pled various other causes of action on which summary judgment was granted but

from which no appeal was taken. We therefore do not discuss the other claims.

Both parties agree that saltwater infiltrated and damaged the turbine, and that Hardwick was fired as a result. However, Hardwick contends that the statement implies that he is incompetent, in that he did not immediately detect salt water in the system. He claims he is blameless in the matter and that the true cause of his failure to detect the saltwater was HL & P's failure to properly maintain the unit.

Looking only to the issue of whether the statement could be considered defamatory, we hold it could be. The import of the statement is that Hardwick was responsible for the damage, which occurred through his incompetence or negligence. Such a conclusion could fairly be drawn from the statement and would injure his reputation as an operator of machinery. That the statement was not defamatory as a matter of law was not a proper basis for summary judgment. Point one is sustained.

By its second ground for summary judgment, HL & P contended that the statement was not published to third parties other than to those to whom the communication would be privileged. By point of error two, Hardwick claims that he demonstrated publication that was not privileged both to prospective employers and to other HL & P employees. HL & P contends that any publication made was either consented to by Hardwick or was subject to a qualified privilege.

At the trial of a defamation action, the plaintiff has the burden to prove what statement was made, to whom it was made, as well as the other elements of the cause of action. However, in a summary judgment context, when the movant is the defendant, the defendant assumes the burden of establishing the contrary as a matter of law. In this case, HL & P had the burden below to establish as a matter of law that there was no communication of the alleged defamatory statement by agents of HL & P except under those circumstances when a privilege existed.

As summary judgment proof, HL & P attached a release signed by Hardwick to permit HL & P to discuss his employment history with Hoechst Celanese. The release establishes Hardwick's consent to publication to Hoechst Celanese. *See Smith v. Holley,* 827 S.W.2d 433, 438–39 (Tex.App.—San Antonio 1992, writ denied).

HL & P also provided excerpts from Hardwick's deposition in order to show the statement was made in the context of a Texas Employment Commission hearing by a HL & P representative, Mr. Meyer, and is thus privileged. However, Hardwick's deposition testimony is equivocal as to what Mr. Meyer said at the hearing. Statements made to the employment commission are absolutely privileged as are statements made at a judicial or quasi-judicial hearing, and do not constitute publication in an action in slander. TEX.LABOR CODE ANN. § 202.074 (Vernon 1994); *see James v. Brown,* 637 S.W.2d 914, 916 (Tex.1982); *Lane v. Port Terminal R.R. Ass'n,* 821 S.W.2d 623, 625 (Tex.App.—Houston [14th Dist.] 1991, writ denied). What Meyer said at the hearing was privileged and cannot form a basis for the action.

With his response to HL & P's motion for summary judgment, Hardwick submitted the controverting affidavit of Milton D. Adams, Jr. The affidavit states that Adams was told by Jim Cowger, an employee of HL & P at a power plant near Dallas, that Hardwick was going to be fired and Adams understood from the conversation that HL & P was holding Hardwick responsible for the saltwater infiltration. This conversation occurred before Hardwick had heard about his pending discharge.

In reviewing the evidence in a summary judgment proceeding all inferences are given to the nonmovant's evidence. *Nixon,* 690 S.W.2d at 548. Viewing the Adams affidavit in the light most favorable to Hardwick, the nonmovant, a question arises of how information of Hardwick's pending discharge reached a plant near Dallas before Hardwick knew of HL & P's plan to fire him. HL & P asserts in its motion for summary judgment that communications to its employees are subject to a qualified privilege and cannot form the basis of a defamation action.

A qualified privilege embraces communications made in good faith on subject matters in which the author has an interest or to which he has a duty to perform

to another person having a corresponding interest or duty. *Associated Tel. Directory Publishers, Inc. v. Better Business Bureau of Austin, Inc.,* 710 S.W.2d 190, 192 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.). In a summary judgment proceeding, the movant must prove the existence of the qualified privilege. *Id.* at 192.

■■■■ HL & P's proof does not establish the scope of the publication within its own organization. Although an employer has a qualified privilege to communicate personnel information within its organization, the qualified privilege does not permit unlimited disclosure of the material. A conditional privilege is defeated if it is abused. *Hurlbut v. Gulf Atlantic Life Ins. Co.,* 749 S.W.2d 762, 768 (Tex.1987). Abuse may be found when the person making the statement knows the statement is false or does not act for the purpose of protecting the interest for which the privilege exists. *Id.*

■■■ HL & P's denial of publication is contained only in their motion and brief, not in any proof provided to the trial court. Instead HL & P relies on Hardwick's ignorance of who at HL & P spoke the allegedly defamatory words. Although the burden at trial is on Hardwick to prove that the defamatory words were spoken, in a summary judgment proceeding it is the movant's burden to negate some essential element of the nonmovants case or to conclusively establish its own affirmative defense. HL & P has failed to do either on the issues of nonpublication, consent, or conditional privilege; summary judgment was not proper on those bases. Point two is sustained.

The remaining grounds for the summary judgment address the publication of the defamatory statement by Hardwick himself and the truth of the statement. Hardwick responds to the former by asserting the exception addressed by this court in *First State Bank of Corpus Christi v. Ake,* 606 S.W.2d 696 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.), that when the self-publication is compelled an action for slander will still lie. We do not address the matter of self-publication, because there is evidence that the alleged slander was made prior to Hardwick's knowing he was to be fired, and thus prior to his self-publication.

Similarly, the summary judgment evidence is not sufficient to establish the truth of the statement and its logical import: that because of Hardwick's incompetence or negligence, machinery was ruined.

We do not address points three and four because they are unnecessary to a disposition of this appeal. TEX.R.APP.P. 90(a).

The judgment of the trial court is REVERSED and REMANDED as to appellant's slander cause of action.