NO. 07-01-0099-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2002

_____

ROBERT H. HARTMAN,

Appellant

v.

W. HUGH HARRELL,

Appellee

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-506,177; HON. JOHN T. FORBIS, PRESIDING

_____

Before QUINN, REAVIS, and BOYD, SJ.[1]

Appellant Robert H. Hartman (Hartman) complains of a take-nothing summary judgment rendered against him in his lawsuit for legal malpractice against appellee W. Hugh Harrell (Harrell). In two issues, he argues 1) Harrell failed to establish that there was no genuine issue of material fact, and 2) the granting of summary judgment denied him his right to a jury trial. We affirm.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

## Facts

Hartman, who is an accountant, hired Harrell to represent him in his defense of a malpractice lawsuit brought against him in 1991 by Wayne and Janice Richards. The case was tried to a jury, and a judgment was rendered against Hartman in 1994. Thereafter, Harrell sued Hartman to collect his attorney's fees. Hartman did not answer in the lawsuit, and a default judgment was taken. Hartman attempted to overturn that judgment but was unsuccessful. He then filed a lawsuit against Harrell for legal malpractice allegedly committed during the course of the initial lawsuit by Harrell's failure to pursue a statute of limitation defense on Hartman's behalf. Harrell filed a motion for summary judgment. On May 3, 2001, the trial court entered summary judgment in favor of Harrell without specifying the basis upon which judgment was rendered.

## Jurisdiction

Initially, we address, and reject, Harrell's claim that we have no jurisdiction because the judgment entered by the trial court is not a final one. Allegedly, the judgment was not final because it did not dispose of his demand for sanctions against Hartman. Harrell sought such relief contending that the suit initiated by Hartman was frivolous. That the trial court did not resolve the issue of sanctions does not alone render the summary judgment interlocutory. *Lane Bank Equip. Co. v. Smith Southern Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000) (wherein the Supreme Court "agree[d] that a judgment does not have to resolve pending sanctions issues to be final . . . .")

## Issue One

In his first issue, Hartman argues that the trial court erred in granting summary judgment because Harrell failed to establish that there existed no genuine questions of

2

material fact. Harrell allegedly failed to do so because his "summary judgment evidence was 'wholly conclusory' and amounted to no more than a sworn denial of Hartman's claims." Furthermore, his "Motion for Summary Judgment and affidavits . . . were incompetent to support his summary judgment as a matter of law . . .," opines Hartman. We overrule the contention.

Harrell urged four grounds to support his claim for summary judgment. Because the trial court did not specify the particular ground upon which it relied when granting summary judgment, Hartman had and has the burden on appeal to illustrate why none supported summary judgment. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

Next, the defenses of res judicata, collateral estoppel, and estoppel were three of the four grounds averred by Harrell. The fourth consisted of the allegation that there were "NO FACTS stated or proven by Hartman . . ." to support his causes of action. (Emphasis in original). In other words, through the fourth ground, Harrell asserted that Hartman had no evidence to support his claims for relief. *See* TEX. R. CIV. P. 166a(i) (stating that "a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense").[2] This in turn obligated Hartman to produce "summary judgment evidence raising a genuine issue of material fact." *Id.*; *Kimber v. Sideris,* 8 S.W.3d 672, 675 (Tex. App.—Amarillo 1999, no pet.). Hartman does not allege on appeal that he did so. Nor does he cite us to any evidence of record illustrating a material issue of fact regarding the elements of his causes of action. Again, he simply avers that Harrell failed to present

---

[2]Rule 166a(i) requires the movant to "state the elements as to which there is no evidence," TEX. R. CIV. P. 166a(i), and Harrell did not do so in his motion. Nonetheless, Hartman does not complain of that procedural defect on appeal. Nor did he below.

competent evidence sufficient to establish his entitlement to a summary judgment. Yet, Harrell had no obligation to do so regarding his no evidence ground. TEX. R. CIV. P. 166a(i). Thus, at least one ground for summary judgment goes unaddressed on appeal, which, in turn, prevents us from concluding that no grounds averred by Harrell supported the trial court's decision.

**Issue Two**

Next, Hartman contends that the trial court denied him his right to a jury trial. He was allegedly entitled to same because he requested a jury, paid the requisite jury fee, and raised genuine issues of fact. Yet, we are cited to no evidence illustrating that genuine questions of material fact existed. Hartman simply concludes that they existed.

Authority relieves a court from perusing the record to discover evidence purportedly creating material issues of fact. Instead, the burden lies with the party complaining of the summary judgment to direct us to that evidence. *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.–Houston [1st Dist.] 1996, no writ). Because Hartman failed to direct us to such evidence, we overrule the second issue.

The judgment of the trial court is affirmed.


Per Curiam


Do not publish.

4