11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Steve Chenault

Appellant

Vs.      
            No. 11-02-00098-CV  -- 
Appeal from Dallas County

City of Irving
and the Irving Fire Department

Appellees

 

Steve
Chenault sued the City of Irving and the Irving Fire Department for breach of
contract after the Fire Department failed to hire him as a beginning
firefighter when a vacancy arose in that position while he was number one on
the eligibility list.  Appellees moved
for summary judgment, and the trial court granted their motion.  We affirm. 

                                       Issues
Presented & Grounds for Summary Judgment

In two
issues, Chenault questions whether appellees violated the law by failing to
hire him and whether the trial court improperly granted summary judgment when
there was a fact issue regarding the employment status of beginning
firefighters.  The record shows that
appellees moved for a traditional summary judgment and asserted that Chenault
had no protected interest, no standing, and no justiciable interest and that
the Fire Department was not an entity capable of being sued.  See TEX.R.CIV.P. 166a(c).  Appellees also moved for a no-evidence
summary judgment, asserting that there was no evidence of a breach of
contract.  See TEX.R.CIV.P.
166a(i).  Because the trial court did
not specify which ground it relied upon to grant the summary judgment, we will
affirm the summary judgment Aif any of the theories advanced are meritorious.@ 
State Farm Fire & Casualty Company v. S.S. & G.W., 858 S.W.2d
374, 380 (Tex.1993);  Carr v. Brasher,
776 S.W.2d 567, 569 (Tex.1989).  

                                                   No
Evidence of Breach of Contract








In order
to review a no‑evidence summary judgment, we will review the evidence
presented in opposition to the no-evidence motion and must accept as true
evidence favorable to the non-movant, indulging every reasonable inference and
resolving all doubts in the non-movant=s favor.  Hight v. Dublin
Veterinary Clinic, 22 S.W.3d 614, 619 (Tex.App. ‑ Eastland 2000, pet=n den=d); see Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546
(Tex.1985); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671
(Tex.1979).  However, we review only the
evidence presented by the non-movant. 
Rule 166a(i); Hight v. Dublin Veterinary Clinic, supra at 618-19.  A trial court must grant a properly
requested no-evidence summary judgment unless the non‑movant brings forth
more than a mere scintilla of probative evidence to raise a genuine issue of
material fact.  Rule 166a(i); Hight v.
Dublin Veterinary Clinic, supra at 619. 

The
underlying facts in this case are not disputed.  In 1996, Chenault applied for a position with the Fire Department
as a beginning firefighter.  He passed
the examination and, in September 1996, was originally listed as No. 10 on the
eligibility list.  By May 1997, Chenault
was No. 1 on the eligibility list.  In
July 1997, a vacancy arose in the position of beginning firefighter, but the
Fire Department did not fill the vacancy at that time.  Assistant Fire Chief Mike Evitts informed
Chenault that the position would not be filled until January 1998.  The eligibility list on which Chenault was
listed as the No. 1 candidate expired on August 3, 1997.  On July 20, 2001, Chenault filed the
original petition in this case.  

Under the
heading of ABREACH OF CONTRACT@ in his petition, Chenault alleged the
following: 

10.  The City of Irving breached a statutorily
imposed contract of employment when it failed to appoint Plaintiff to a
beginning position of firefighter despite the Department having a vacancy and
Plaintiff being listed as number one on the eligibility list of the
Department.  As a body politic, the City
of Irving operates under [TEX. LOCAL GOV=T CODE ANN. '
143.001 et seq. (Vernon 1999 & Supp. 2003)] and Section 143.026, in
particular.... 

 

11.  The appointment requirement
is mandatorily imposed on the Department by statute....The failure by the City
of Irving to honor its mandated duty amounted to a breach of contract.  

Chenault alleged no other
causes of action against appellees.  








In his
response to the motion for summary judgment and in his appellate brief,
Chenault addressed the issues of standing and justiciable interest but failed
to address appellees=
assertion that there was no evidence of a breach of contract.  We hold that the trial court properly
granted summary judgment on this ground. 
Section 143.026 provides that, when a vacancy occurs in a beginning
position in a fire department, the chief executive Ashall appoint the person having the highest
grade@ unless a valid reason exists for appointing
the second or third person on the eligibility list.  However, nothing in Section 143.026 or elsewhere in Chapter 143
created a contract between Chenault and appellees.  Because we find that summary judgment was properly granted on the
ground that there was no evidence of a breach of contract, we need not address
the other grounds upon which the trial court might have granted summary
judgment. 

The
judgment of the trial court is affirmed. 


 

TERRY McCALL

JUSTICE

 

January 16, 2003

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.