NO. 07-02-0172-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 12, 2004


______________________________



LUCILLE W. BEAN
,




 Appellant


v.



DEENA BUFORD, M.D., JULIE GEORGE, M.D., EXXON MOBIL


CORPORATION, EXXON CORPORATION, & EXXON CHEMICALS AMERICAS, 




 Appellees

_________________________________



FROM THE 234TH DISTRICT COURT OF HARRIS COUNTY;



NO. 2000-48424; HON. BRUCE OAKLEY, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Lucille W. Bean (Bean) appeals from a summary judgment entered in favor of Deena
Buford, M.D. (Buford), Julie George, M.D. (George), Exxon Mobil Corporation, Exxon
Corporation and Exxon Chemicals Americas (collectively referred to as Exxon). Via five
issues, Bean contends that 1) Buford and George violated the physician/patient
confidentiality relationship by disclosing confidential information, 2) no exception permitting
disclosure of confidential information applied, 3) a fact issue existed regarding her claim
of intentional misrepresentation, 4) a fact issue existed regarding her retaliation and
discrimination claim, and 5) her retaliation and discrimination claims were not time barred. 
We affirm.

Background


 Bean was an employee of Exxon from 1988 to November 1999. In November of
1996, she filed a worker's compensation claim contending that she suffered from work-related stress. She was employed as a Senior Consumer Service Specialist at the time. 
Bean was placed on disability leave from January of 1997 to March of 1997, however,
when she returned to work she only worked part-time. This situation lasted until May of
1997 when she was moved to another position out of customer service. 

 In June of 1997, Bean was promoted. In September of this same year, she
continued to have wor- related stress problems, and she was restricted to 40 hours a week
without requiring overtime. Furthermore, some of her responsibilities were given to other
workers. However, on December 17, 1998, she was placed on short-term disability leave
due to stress. The need for this leave was confirmed by her private physician, Dr. Robert
Bacon (Bacon). Exxon attempted to find her other employment before and during her
absence from the job. 

 On January 29, 1999, Bean filed a discrimination complaint with the Equal
Employment Opportunities Commission (EEOC) alleging disability and race discrimination. 
In July of 1999, Exxon offered her a new position; however, Bacon advised that his patient
not return to work, that she was "unfit for any work," and that she should apply for
permanent disability. On November 5, 1999, after Bean's short-term disability benefits
expired and her physician advised she could not return to work, Exxon terminated her
employment. 

 On March 17, 2000, Bean filed another complaint with the EEOC alleging that she
had been terminated in retaliation for filing the prior EEOC charge. She then filed suit on
September 25, 2000. In her third amended petition, Bean claimed that Exxon, Buford, and
George intentionally misrepresented to her material facts about the confidentiality of their
communications and that Exxon retaliated against her for filing a worker's compensation
claim and the EEOC claims. Thereafter, Exxon, Buford, and George jointly filed a
traditional and no evidence motion for summary judgment. The trial court granted same,
and this appeal followed.

Standard of Review


 The standard governing our review of summary judgments is well settled and need
not be reiterated. Instead, we refer the litigants to Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548 (Tex. 1985) and Kimber v. Sideris, 8 S.W.3d 672, 675 (Tex. App.-
Amarillo 1999, no pet.) for an explanation of same. We also note that because the trial
court did not specify the ground upon which it relied when granting the motion, Bean was
obligated to illustrate that none of the grounds alleged in the motion supported the
judgment. Carr v. Brasher, 776 S.W.2d 567, 569 ( Tex. 1989); see Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995 ) (holding that the appellant is obligated to attack
each ground upon which the summary judgment could have been based); Malooly Bros.,
Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (holding the same); Granada BioSciences,
Inc. v. Barrett, 958 S.W.2d 215, 224 (Tex. App.-Amarillo 1997, pet. denied) (stating that
a summary judgment will be affirmed if it rests upon an independent ground to which no
point of error has been assigned). 

Issues One and Two - Physician/Patient Relationship


 Bean's first and second issues purport to address summary judgment entered upon
her claim of breached duty of confidentiality. Therein, she argues that she "raised a
genuine issue of material fact . . . on her claim that she had a physician-patient relationship
with both Dr. George and Dr. Buford" and as "a matter of law, the physicians did not
conclusively establish that any disclosure was proper under the rules governing
confidentiality of medical information." Her claim was founded upon §611.001 et seq. of
the Texas Health and Safety Code. (1) We overrule the issues.

 In attacking Bean's claim of breached duty of confidentiality, Exxon asserted that 1)
no duty existed, 2) any disclosure made was proper, and 3) there was no evidence that any
disclosure caused her to suffer harm. As previously noted, the trial court did not specify
any particular ground upon which it relied in granting summary judgment. Thus, it was
encumbent upon Bean to attack each ground raised by Exxon in its motion for summary
judgment and explain why none supported the trial court's decision. Carr v. Brasher, supra;
Star-Telegram, Inc. v. Doe, supra. This she did not do.

 While much was said about the existence of a duty and the alleged impropriety of
any disclosures made by George and Buford, Bean said little, in her appellate brief, about
the matter of harm. Indeed, she assigned no point of error nor specific issue to the matter. 
Furthermore, the sum and substance of her argument relating to the matter consisted of
the following: 

 The attorneys allege that Bean did not suffer any harm due to any improper
disclosures. The many disclosures provided by the physicians allowed
ExxonMobil to conspire with the physicians in terminating Bean in retaliation
for filing a worker's compensation charge and a discrimination charge under
T.C.H.R.A. As a result Bean suffered mental anguish and her medical
condition deteriorated to the point that she could not work and was later severed from the company due to medical reasons.


Noticeably absent from the passage is any citation to evidence purporting to illustrate a
causal link between the disclosures and harm. Such was required not only to comply with
Texas Rule of Appellate Procedure 38.1(h) (stating that a brief must contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and
to the record) but also with precedent. See In re CDK, 64 S.W.3d 679, 682 (Tex.
App.-Amarillo 2002, no pet.) (requiring that the appellant cite to the record and provide
substantive analysis). In short, it is not our obligation to parse through the summary
judgment record in search of evidence allegedly supporting a particular argument. 
Labrador Oil Co. v. Norton Drilling Co., 1 S.W.3d 795, 803 (Tex. App.-Amarillo 1999, no
pet.). Similarly absent is any explanation as to the role, if any, the disclosures played in the
decision to supposedly terminate Bean "in retaliation for filing a worker's compensation
charge and a discrimination charge under T.C.H.R.A." Instead, we are left to speculate
about the substance of her contention. That too falls short of complying with her appellate
burden. See In re CDK, supra. So, given that she failed to abide by applicable rules of
procedure, she did not carry her burden to illustrate why no ground existed supporting the
trial court's decision.

 Furthermore, the evidence illustrates that George and Buford were directed by
Exxon personnel to evaluate Bean for purposes of clarifying the job restrictions on which
she was placed. Bean does not dispute that. Furthermore, statute provides that a person
"who receives information from confidential communications or records may not disclose
the information except to the extent that disclosure is consistent with the authorized
purposes for which the person first obtained the information." Tex. Health & Safety Code
Ann. §611.004(d) (Vernon 2003) (emphasis added). We know of and are cited to no
authority which prohibits an employer from assigning medical personnel the task of
evaluating an employee for purposes of job performance or job compatibility. And, since
George and Buford were assigned such a task by Bean's employer, §611.004(d) authorized
them to disclose the purportedly confidential information received from Bean during their
meeting to her employer, i.e. Exxon. Thus, we cannot say that the trial court erred in
granting summary judgment on the claim of improperly disclosing confidential information
in violation of §611.001 et seq. of the Texas Health and Safety Code. 

 Issue Three - Intentional Misrepresentation that Statements 


to George and Buford were Confidential


 Bean relies on Exxon's policies entitled "'Standards of Business Conduct'" for her
contention that Exxon, George and Buford had represented to her that any communications
regarding her medical condition would be kept confidential. Specifically, she relies on the
following paragraph:

 provide voluntary health promotion programs designed to enhance
employees' well being, productivity, and personal safety. These programs
should supplement, but not interfere with, the responsibility of employees for
their own health care or their relationship with personal physicians. 
Information about employees obtained through the implementation of these
programs should be considered confidential and should not be revealed to
non-medical personnel except: at the request of the employee concerned,
when required by law, when dictated by overriding public health
considerations, or when necessary to implement the guidelines of the Alcohol
and Drug Use policy.


Bean contends that George and Buford violated this policy by releasing confidential
information to non-medical personnel, e.g., other Exxon employees. We overrule the issue
for several reasons.

 First, Bean cites us to no evidence illustrating that either George or Buford drafted
the policy or disseminated it to her. If they did neither, then it cannot be said that the
purported misrepresentation contained in it was made by them. And, unless they made a
supposed misrepresentation, they cannot be charged with deceiving Bean.

 Second, the policy in question speaks of information "obtained through the
implementation of" a "voluntary health promotion program." Bean again cites us to no
evidence suggesting or from which it could be reasonably inferred that her communications
to any medical health person were part of such a health promotion program. Indeed, she
does not even attempt to explain what such a program is. Given that the restriction upon
which she relies arises only in certain situations, it was incumbent upon Bean to provide
some evidence indicating that such a situation was involved here. And, simply put, she did
not.

 Third, and regarding the contention that Buford and George committed
misrepresentation through omission, we note that Bean's appellate argument is conclusory
at best. Indeed, she cites no authority for the proposition that either doctor "owed [her] a
duty to inform her that her medical condition and confidential information was being
discussed with ExxonMobil management." Yet, since the duty to which she referred is
apparently that imposed by Exxon's "Standards of Business Conduct" (as they related to
voluntary health promotion programs), Bean again had to illustrate that her confidences
were imparted during her involvement in such a program. And, as discussed in the
preceding paragraph, she did not.

Issue Four - Retaliation complaint for filing a worker's compensation claim 


and for filing an EEOC complaint


 Bean next contends that the trial court erred in granting summary judgment on her
claim of retaliation. The grounds alleged by Exxon in support of its motion were several. 
They included, among other things, 1) Bean's inability to show a causal relationship
between her filing of a worker's compensation claim (due to job-related stress) and the
EEOC claims and her subsequent treatment and termination and 2) her inability to perform
the essential functions of her job. In granting summary judgment on the claim, the trial
court again mentioned no specific ground upon which it relied. Now, Bean argues that
there existed of record sufficient evidence to establish the requisite causal link. We
overrule the issue.

 Because the trial court specified no particular ground as the basis for granting
summary judgment on the retaliation claims, Bean was obligated to show why none of the
reasons proffered by Exxon warranted such relief. And, while she devoted a large part of
her brief to the matter of causation, she said nothing about her being able to perform the
essential elements of her job. That is, nowhere did she present argument or record citation
purporting to illustrate that she could work at any job. This may be due to the undisputed
evidence that her own doctor ultimately opined that she was "unfit for any work." Yet,
whatever the reason, it was her burden to attack the summary judgment ground in her
appellate brief, and she did not. Thus, we are unable to say that she succeeded in
disproving the validity of every ground upon which the trial court could have relied. 

Issue Five - Limitations


 In her fifth and final issue, Bean asserts that the trial court could not have granted
summary judgment on her retaliation claims on the basis of limitations. We need not
address this issue given our disposition of Issue Four. Simply put, whether limitations
barred suit matters not given that she failed to illustrate that summary judgment was
improper on each of the other grounds asserted by Exxon. 

 Having overruled each issue presented to us, we affirm the judgment of the trial
court.


 Brian Quinn

 Justice




1. The pertinent code provision states that communications between a patient and a professional, and
the records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by
a professional, are confidential. Tex. Health & Safety Code Ann. §611.002(a) (Vernon 2003). Furthermore,
a person aggrieved by a violation of §611.002 may redress the situation through legal action "appropriate
relief, including injunctive relief" as well as damages. Id. at §611.005(a) & (c). 


eption Locked="false" Priority="39" QFormat="true" Name="TOC Heading"/>
 









NO. 07-10-00346-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
21, 2010

 



 

IN RE: JASON MIEARS



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

On August 31, 2010, relator Jason Miears filed a
writ of prohibition in this court.  By
the pleading, he seeks an order compelling respondent, the Honorable Ron Rangel
Judge of the 379th Judicial District Court of Bexar County, to transfer venue
in an underlying criminal case.  Miears otherwise asserts he was indicted in the wrong
county.  

            In
a number of ways, the pleading Miears filed does not
meet the requirements for a petition in an original proceeding.  Tex. R. App. P. 52.3.  That aside, Miears
petition is not accompanied by a record demonstrating a basis for this courts
jurisdiction.  Tex. R. App. P. 52.7.  Based on the content of Miears
unsworn pleading, we conclude we lack jurisdiction over Judge Rangel.  Bexar County, in which Judge Rangel sits, is
not located within our court of appeals district.  See
Tex. Govt Code Ann. § 22.221(b) (Vernon 2004) (power
to issue writ of mandamus extends to a judge of a district or county court in
the court of appeals district); Tex. Govt Code Ann.
§ 22.201(e),(h) (Vernon Supp. 2009) (Bexar County is
included in Fourth Court of Appeals District; Seventh Court of Appeals District
does not include Bexar County).

            Because
we lack jurisdiction of this original proceeding, it is dismissed.

 

Per Curiam

 

 

Do not
publish.