**Russell FISH and Dallas NAACP Branch, Appellants,**

v.

**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 11–99–00177–CV.

Court of Appeals of Texas, Eastland.

Oct. 5, 2000.

Publication Ordered Nov. 8, 2000.

Allan E. Parker, Jr., Jimmy D. 'Skip' Hulett, Texas Justice Foundation, San Antonio, for appellant.

David Albert Buono, Robert Wendland, Eric V. Moye, Vial, Hamilton, Koch & Knox, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

ARNOT, Chief Justice.

Russell Fish and Dallas NAACP Branch (plaintiffs) sought a writ of mandamus against the Dallas Independent School District (DISD) in order to obtain information under the Texas Public Information Act (the Act), TEX. GOV'T CODE ANN. § 552.001 et seq. (Vernon 1994 & Supp. 2000). Both sides moved for summary

judgment. The trial court denied plaintiffs' motion, granted DISD's motion, and entered a take-nothing summary judgment in favor of DISD. Plaintiffs contend in both issues presented for appellate review that the trial court erred in denying their motion and in granting DISD's motion. We affirm in part and reverse and remand in part.

The issue in this case is whether DISD is required to disclose the requested information. Plaintiffs requested the following information from the Iowa Test of Basic Skills (ITBS) for school years 1986–1987 through 1996–1997: student number, student sex, student age, student ethnicity, special ed flag, "LEP" flag, test norms, teacher number, campus name, grade, level, form, test date, reading vocabulary grade equivalent, reading comprehension grade equivalent, reading total grade equivalent, mathematics concepts grade equivalent, mathematics problems grade equivalent, and mathematics total grade equivalent. Plaintiffs also requested that a "unique number be placed in the field for student and teacher names and that the number be consistent from year to year" and that the information be provided on magnetic tape reels.

DISD moved for summary judgment on the following grounds: DISD is not required to disclose confidential or personally identifiable information contained in education records; DISD is not required to create new information, such as new student identification numbers, in response to requests for public information; and plaintiffs did not comply with Section 552.231(d).[1] The trial court did not specify the basis for granting the motion. Therefore, plaintiffs must defeat each summary judgment ground urged by DISD. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989); Rogers v. Ricane Enterprises, Inc., 772 S.W.2d 76, 79 (Tex.1989). In addressing the issues on appeal, we will apply the well-recognized standard of review for traditional summary judgments. We must consider the summary judgment evidence in the light most favorable to the non-movants, indulging all reasonable inferences in their favor, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546 (Tex.1985); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671 (Tex.1979).

*Confidentiality*

■■■ In its motion for summary judgment, DISD claimed that it was not required to disclose the requested information because it contained personally identifiable information from education records. At the outset, we must state that the Act is to be construed liberally to implement the principle that the government is the servant and not the master of the people and that the people are entitled, unless otherwise expressly provided by law, to complete information about the affairs of the government. Section 552.001. There are express provisions, however, that apply to information contained in education records. DISD cited Sections 552.114 & 552.026 of the Act and 20 U.S.C.A. § 1232g(b) (West 2000) of the Federal Educational Rights and Privacy Act of 1974 (FERPA) in support of its proposition. Section 552.114 excludes from disclosure information found in a student record at an educational institution. Section 552.026 provides that a governmental body is not required to release "information contained in education records" except in conformity with FERPA. FERPA, Section 1232g(b)(1) & (2), provides for the release of "educational records" and "any personally identifiable information in edu-

---

**1.** DISD moved alternatively for partial summary judgment on the issue of costs. This issue became moot, however, when the parties subsequently entered into an agreement under TEX.R.CIV.P. 11 in which they stipulated to collateral matters such as costs and fees.

cation records," other than directory information, only when a parent consents or when one of the specific exceptions applies. None of the exceptions, such as the release to school officials, apply to the present case.

We also note that Section 552.101 of the Act and TEX.EDUC.CODE ANN. § 39.030(b) (Vernon 1996) are applicable to this issue. Section 552.101 excepts confidential information from disclosure. Section 39.030(b) provides that the "results of individual student performance on academic skills assessment instruments ... are confidential" and may only be released pursuant to FERPA. Section 39.030(b) further provides that "overall student performance data" shall be aggregated by various demographics and made available to the public but that the information may not contain the names of individual students or teachers. See Tex. Att'y Gen. ORD–352 (1982).

Although DISD moved for summary judgment on the basis of confidentiality, DISD failed to support this contention with any summary judgment evidence. In its motion, DISD stated in a footnote that plaintiffs' "proposed numerical coding system is completely inadequate to maintain the confidentiality of this student information." However, DISD offered no summary judgment evidence in support of this statement. The record, therefore, does not conclusively show that the information in the form requested by plaintiffs was protected from disclosure. We hold that, if the summary judgment was granted on this ground, it was erroneous.

### Creating New Information

■ Next, DISD moved for summary judgment on the ground that it was not required to create new information in order to comply with a request for disclosure. Section 552.002 defines "public information" as "information that is collected, assembled, or maintained" by a governmental body. The Supreme Court in *A & T Consultants, Inc. v. Sharp,* 904 S.W.2d 668, 676 (Tex.1995), has interpreted this to mean that the Act compels disclosure of public information that is in existence but that the Act does not require a governmental entity to prepare or assemble new information in response to a request.

DISD asserted that the records in their possession did not contain a unique, confidential, and non-personally identifiable number for each student and that manipulating the data as requested by plaintiffs would create new information. In support of its motion, DISD attached the affidavit of Dr. Robert Mendro, the Executive Director of Institutional Research for DISD. Dr. Mendro swore that DISD had the ITBS data and related records for 1986 through 1997, that the students' names and the teachers' names are included in this data, that DISD does not assign "to these names any unique and confidential numerical code that may be traced through the ITBS data from year to year," and that assigning a unique and confidential numerical code to each student and teacher would require DISD to insert new information into its ITBS data and records.

Plaintiffs responded that their request required the mere manipulation or programming of data as provided for in Sections 552.231(a) and 552.003, rather than the creation of new information. Section 552.23(a)(1) provides the procedure to be complied with if "responding to a request for public information will require programming or manipulation of data." Section 552.003(2) defines manipulation as "the process of modifying, reordering, or decoding of information with human intervention." According to plaintiffs' summary judgment evidence, substituting each child's name with a unique, confidential number would have required a mere manipulation of the existing data by adding only one line of programming code.

We hold that plaintiffs' request required the manipulation of existing data rather than the creation of new information. The

data existed prior to the request; however, it contained confidential information. Manipulating the data to substitute the confidential information with a unique, confidential number by adding one line of programming falls within the provisions of Section 552.231, which was added by the legislature in 1995. Thus, if the trial court granted summary judgment on this ground, it was erroneous.

### Procedural Compliance

■ Finally, DISD moved for summary judgment on the ground that plaintiffs did not comply with Section 552.231(d), which states:

> On providing the written statement to the requestor as required by this section, the governmental body does not have any further obligation to provide the information in the requested form or in the form in which it is available until the requestor states in writing to the governmental body that the requestor:
>
> (1) wants the governmental body to provide the information in the requested form according to the cost and time parameters set out in the statement or according to other [agreed upon] terms ... or
>
> (2) wants the information in the form in which it is available. (Emphasis added)

DISD was not entitled to summary judgment on this ground for two reasons.

First, the written statement provided by DISD did not comply with the requirements of Section 552.231(b). Section 552.231(b)(2) requires that the written statement include a description of the form in which the information is available. DISD's belated response did not include such a description. It stated only that the information "is not readily available or in a format where it can be easily prepared" and that the "data collected in the fashion ... requested does not currently exist." DISD also stated that the information would have to be extracted from various archives and gave the estimated time and cost of preparation. DISD was not released by Section 552.231 from the obligation to provide the requested information because DISD had not provided a written statement as required by that section.

Second, the summary judgment includes a written "Mediated Settlement Offer" in which plaintiffs requested the information in its currently available form. This writing meets the requirements of Section 552.231(d)(2). Therefore, we hold that, if it granted summary judgment on this procedural ground, the trial court erred in doing so. Consequently, the summary judgment cannot be affirmed on any of the grounds urged by DISD in their motion for summary judgment.

### Denial of Plaintiffs' Motion

■ In addition to arguing that the trial court erred in granting DISD's motion for summary judgment, plaintiffs contend that the trial court erred in denying their motion for summary judgment. Plaintiffs request that we reverse the trial court and render a judgment in their favor ordering the immediate production of the requested information. Because of the confidentiality issue, we cannot render such a judgment. Plaintiffs' summary judgment evidence included Fish's affidavit. Fish swore to his expertise in the computer field and gave an example of his experience with requesting public information and placing it on the internet. Fish also had some experience analyzing the test score records from academic skills assessment tests, including ITBS data. Fish's affidavit reiterated that he requested that the identity of "each child be masked with a unique, non-personally identifiable number so as to maintain the confidentiality of the students." Fish swore that the task of manipulating the data to substitute each child's name with a unique, confidential number that remained constant throughout the years would have been easy for DISD to perform and would have required

only one line of programming code. Fish intended to place the information obtained from DISD on the internet.

However, just as we are not privy to the information contained in the school's records, nor was Fish. Fish was not in a position to conclude that confidential or personally identifiable information would not be disclosed or that the requested information would not make a child's identity easily traceable. This is especially true in light of all of the demographic information that plaintiffs requested. If one child's identity was discovered, the code could be deciphered, and other children's identities would be revealed. We hold that plaintiffs did not conclusively show that the confidentiality of the students would not be compromised by the disclosure of the information as requested. The trial court properly denied plaintiffs' motion for summary judgment.

### Conclusion

Plaintiffs' issues are sustained to the extent that they urge that summary judgment in favor of DISD was improper. The summary judgment cannot be upheld on any of the grounds urged by DISD in its motion for summary judgment. Plaintiffs' issues are overruled to the extent that they urge that the trial court erred in denying plaintiffs' motion for summary judgment.

The judgment of the trial court is affirmed insofar as it denied Russell Fish and Dallas NAACP Branch's motion for summary judgment. The portion of the judgment granting Dallas Independent School District's motion for summary judgment is reversed, and the cause is remanded.