NO. 07-01-0326-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 27, 2002



______________________________




TED WOOD, APPELLANT



V.



PATTILOU DAWKINS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 48,492-A; HONORABLE JOHN T. FORBIS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR REHEARING


 Appellant Ted Wood (Wood) has filed a motion for rehearing of our opinion
sustaining a take-nothing summary judgment in favor of appellee Pattilou Dawkins
(Dawkins) in Wood's action for libel as a result of a letter written to the newspaper. He
complains that we improperly considered evidence and inferences favoring Dawkins, who
moved for summary judgment, in determining whether Wood produced more than a
scintilla of probative evidence to raise a material fact issue on the question of actual
malice. The letter, which is the subject of the libel suit, as well as the history giving rise
to the letter, was set forth in our prior opinion and we will not restate it.

 In asserting his position, Wood contends that it is well-settled that in reviewing a no-evidence motion for summary judgment, we must "disregard all evidence and inferences
that do not favor the non-movant." Wood posits that we failed to look at the evidence
favorable to him and instead examined Dawkins's affidavit, as well as her deposition,
which was evidence that favored her and should have had no place in our analysis. 
According to Wood, we also made inferences contrary to Wood's position with respect to
the citizen's committee report and made an improper inference that Brian Barrett and
Dawkins had differing opinions as to whether Wood knew at the time of the bond election
that the jail would cost $16 million.

 We noted in our original opinion that Dawkins filed both a traditional motion for
summary judgment and a no-evidence motion for summary judgment. Further, the trial
court did not state the basis on which the summary judgment was granted, and it therefore
must be upheld if any ground is meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989). We additionally noted that the parties appeared to argue only the merits of the
traditional motion for summary judgment in their briefs and, in upholding the summary
judgment, we stated that Dawkins's affidavit "negated the element of malice in the absence
of controverting evidence," which is the standard for a traditional motion for summary
judgment. 

 Under a traditional motion for summary judgment, the movant must show that there
is no genuine issue of material fact. Nixon v. Mr. Property Management Co., Inc., 690
S.W.2d 546, 548-49 (Tex. 1985). In determining whether there is a genuine issue of
material fact, we are required to take as true evidence favorable to the non-movant and
indulge every reasonable inference and resolve any doubts in favor of the non-movant. (1) 
Id. Further, we may not consider evidence that favors the movant's position unless it is
uncontroverted. Putthoff v. Ancrum, 934 S.W.2d 164, 168 (Tex.App.--Fort Worth 1996,
writ denied).

 It is Wood's position that we should not consider any evidence provided by Dawkins
unless it is favorable to him. However, in asserting her traditional motion for summary
judgment, the burden is on Dawkins to establish an absence of malice as a matter of law. 
In Huckabee v. Time Warner Entertainment Co., L.P., 19 S.W.3d 413 (Tex. 2000), the
defendants filed a traditional motion for summary judgment based on the absence of
malice supported by affidavits of employees, which stated they did not believe the subject
film contained false statements. The affidavits further provided the facts upon which those
persons relied in producing and editing the story. The court stated that the affidavits could
negate actual malice as a matter of law only if clear, positive, and direct, otherwise
credible and free from contradictions and inconsistencies, and able to be readily
controverted. Id. at 24. Further, such affidavits must establish the defendant's belief in
the truth of the challenged statements and provide a basis for the belief. Id. The court
then went on to consider the affidavits in its analysis. Thus, we are not required to
automatically ignore any evidence provided by Dawkins that is not supportive of Wood's
position.

 As stated in our original opinion, we relied on Dawkins's affidavit that the alleged
defamatory statements were based on (1) her past experience with respect to construction
costs, (2) her knowledge that certain costs were not included in the estimate of the cost
of the jail, (3) her knowledge the estimate was not based on architectural drawings, (4) her
understanding that the jail commission had not approved any plans, (5) statements made
by Wood prior to the bond election that the cost of the jail facility would be $20 million, and
(6) a 1999 newspaper article that the costs had increased to $16 million. Wood has cited
no evidence in his motion for rehearing that controverts these facts were the basis for her
statements. 

 However, Wood complains that we improperly inferred that the $12.46 million figure
was only an estimate, was not based on actual plans drawn by architects, did not include
costs associated with compliance with standards promulgated by the Texas Jail Standards
Commission, and did not include costs associated with landscaping, furnishing, and
ancillary buildings. Instead, he argues, we should have made the following inferences: 

 1. The $12.46 million estimate was based on factors commonly used by
architects in estimating a new building's cost and was intended to be a
number upon which the commissioners court could rely in attempting to
obtain financing for the new jail;


 2. Although actual plans were not yet drawn, the architect's estimate was
the architect's best professional opinion of the new jail's cost and was
intended to be a number upon which the commissioners court could rely in
attempting to obtain financing for the new jail;


 3. Costs associated with compliance with Texas Jail Standards Commission
were taken into account by the architects when making their $12.46 million
estimate; and


 4. Costs associated with landscaping, furnishing, and ancillary buildings
were either relatively insignificant or costs that were associated with but not
part of the new jail.


 Even if we accept these inferences, they do not change our opinion. That is so
because even assuming some or all of the underlying factors upon which Dawkins states
she relied in making her statements were incorrect or false, that itself is not evidence that
the allegedly defamatory statements were made with malice. See Johnson v.
Southwestern Newspaper Corp., 855 S.W.2d 182, 185 (Tex.App.--Amarillo 1993, writ
denied) (failure to inquire more fully into accuracy of statements is insufficient to show
malice). 

 Nevertheless, Wood asserts that we should have inferred knowledge of falsity from
her statement that she obtained the $16 million jail cost figure from a newspaper article
published more than a year after the bond election and her testimony that, at the time of
the bond election, Wood had no idea what the jail would cost. Further, he claims, we were
only able to arrive at the opposite conclusion because we incorrectly gave consideration
to the fact that Wood had made statements publicly before the bond election that the jail
would be a $20 million project and the fact that, by the time of Dawkins's letter, the jail cost
was at least $16 million. The fallacy with this argument is that Wood does not dispute the
truth of those facts in his motion for rehearing. He only contends that we may not consider
them because they are unfavorable to him. Contrary to his assertion, we did not determine
that Wood's evidence had no probative value. We accepted as true the two statements
that Wood claims are favorable to him. We also recognize we are required to make
reasonable inferences and resolve doubts in favor of the non-movant. However,
reasonable inferences cannot be made by ignoring relevant facts that are undisputed by
the parties. We believe we are entitled to rely on those undisputed facts that provide a
basis for Dawkins's belief that her statements about Wood were true. 

 Finally, Wood complains that we improperly inferred that Dawkins merely had a
different belief than Brian Barrett, who served on the citizens committee, about the cost of
the new jail at the time of the committee report and the 1988 bond election. Barrett stated
in his affidavit that he believed the $12.46 million estimate to be conservative and did not
anticipate any more would have to be borrowed. Barrett became a county commissioner
on January 1, 1999, and he did not learn that the jail cost would be $16 million until
September 1999, more than a year after the bond election. Wood asserts that if we
consider these facts in the light most favorable to him, we would conclude there is some
evidence that Dawkins knew he did not believe the jail would cost $16 million at the time
of the bond election. Once again, we do not believe that to be a reasonable inference. 
Accepting these statements as true, they merely recite what Barrett believed from the
committee report about the cost of the jail and when he knew it would increase. They do
not provide evidence as to what Wood or Dawkins believed about the cost of the jail from
the committee report and when they knew the cost would increase. 

 Based on the factors noted in our original opinion and which we have reiterated
again, Dawkins established her belief in the truth of the allegedly defamatory statements
and a basis for her belief in their truth. Finding no error in our original disposition of the
matter, we overrule appellant's motion for rehearing. 


 John T. Boyd

 Chief Justice


Publish.


 

 

 

 
1. In determining if the non-movant produced more than a scintilla of probative
evidence to raise a fact issue in response to a no-evidence motion for summary judgment,
we must also consider the evidence in the light most favorable to the party against whom
the summary judgment was rendered and disregard all contrary evidence and inferences. 
Zipp Industries, Inc. v. Ranger Ins. Co., 39 S.W.3d 658, 663 (Tex.App.--Amarillo 2001, no
pet.)
.