**Opinion filed June 11, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00345-CV

_____

## PATTI CHAMBERS, Appellant

## V.

## ROYLENE WILSON, Appellee

**On Appeal from the 42nd District Court**

**Callahan County, Texas**

**Trial Court Cause No. 18714**

## M E M O R A N D U M   O P I N I O N

Roylene Wilson brought this suit to quiet title and recover possession of a strip of land in Cross Plains, Texas, that is claimed by Wilson as the record title holder and by Patti Chambers through adverse possession. Wilson moved for summary judgment on both traditional and no-evidence grounds. The trial court granted Wilson's motion and entered judgment awarding Wilson title to and possession of the disputed strip of land. We affirm.

Chambers presents three issues on appeal. In the first and second issues, she complains of error in the exclusion of an affidavit attached to her response to the motion for summary judgment.

In her third issue, Chambers asserts that the trial court erred in granting the motion for summary judgment because Wilson failed to disprove each element of Chambers's defense of limitations under Sections 16.026 and 16.027 of the Texas Civil Practice and Remedies Code[1] and because Chambers raised a genuine issue of material fact regarding adverse possession.

Wilson asserted both traditional and no-evidence grounds for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). Because the trial court did not specify the grounds it relied upon in granting the summary judgment, we will affirm the summary judgment "if any of the theories advanced are meritorious." *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). We find the no-evidence grounds dispositive. We review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.*; *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. Rule 166a(i); *Wal-Mart*, 92 S.W.3d at 506.

It is undisputed that Wilson is the record title holder of the disputed strip. Chambers claims ownership of the strip through adverse possession, not by any deed. With respect to the propriety of the summary judgment, the question before us relates only to adverse possession. Under the applicable adverse possession statutes, a person must bring suit not later than ten years (Section 16.026) or twenty-five years (Section 16.027) "after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." Sections 16.026-.027. "'Adverse possession' means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021 (Vernon 2002). Wilson requested a no-evidence summary judgment based upon "the element of possession

---

[1]TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.026-.027 (Vernon 2002).

2

for an adequate number of years," asserting that there was no evidence of visible appropriation for at least ten continuous years.

The summary judgment evidence promulgated by Chambers consisted of the affidavit of Dane H. Ratliff and the affidavit of Lavon Reed Haney. Ratliff averred that he had lived in the Cross Plains area all his life and was familiar with the four lots in question. According to Ratliff, a net wire fence with barbed wire on top had "extended the south boundary lines" of the lots since at least 1971, and "the owners of the north half of Lots . . . have openly[,] notoriously, and adversely possessed the property under the net wire fence." Haney's affidavit relates to her purchase of the north half of two of the lots and her possession of the disputed strip in 1998 – eight years prior to the filing of this suit – and, thus, is not evidence that the disputed strip had been adversely possessed for at least ten years. Haney also stated that, when she purchased the property, an old net fence ran across from Avenue G to Avenue F, extending the southern boundary of her property.

Even considering Ratliff's affidavit, which was excluded by the trial court, Chambers presented no competent summary judgment evidence that the disputed strip had been adversely possessed by someone who cultivated, used, or enjoyed it for the required ten-year period. There was no evidence that the net wire fence enclosed anything and no evidence regarding who built the fence, when it was built, or what its purpose was. *See Harlow v. Giles*, 132 S.W.3d 641, 646-47 (Tex. App.—Eastland 2004, pet. denied) (a "casual fence" does not support an adverse possession claim). Other than Ratliff's conclusory statement that the owners of the north half of the lots "have openly[,] notoriously, and adversely possessed" the disputed strip and the conclusory statement that the net wire fence extended the southern boundary of the north half of the lots, there is no evidence that the owners of the north half of the lots have done anything to adversely possess the property for the requisite number of years. The affidavits presented by Chambers do not set forth statements of fact to support the legal conclusions asserted and, thus, are not competent summary judgment evidence under TEX. R. CIV. P. 166a(f). *See Mem'l Park Med. Ctr., Inc. v. River Bend Dev. Group, L.P.*, 264 S.W.3d 810, 819-20 (Tex. App.—Eastland 2008, no pet.); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 661 (Tex. 1995).

We hold that Chambers failed to present more than a scintilla of probative summary judgment evidence to raise a genuine issue of fact regarding the challenged element of her claim of

adverse possession.  Consequently, the trial court did not err in granting Wilson's motion for summary judgment based upon the no-evidence ground.  Chambers's third issue is overruled.  The first two issues regarding the exclusion of Ratliff's affidavit need not be addressed because they are not dispositive of the appeal since we considered the entire contents of that affidavit in determining whether summary judgment was appropriate.  *See* TEX. R. APP. P. 47.1.

        The judgment of the trial court is affirmed.


                                 JIM R. WRIGHT

                                 CHIEF JUSTICE


June 11, 2009

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.