Opinion filed June 11, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 11,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00345-CV

                                                    __________

 

                                      PATTI CHAMBERS, Appellant

 

                                                             V.

 

                                      ROYLENE
WILSON, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                        Callahan
County, Texas

 

                                                    Trial
Court Cause No. 18714

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

Roylene
Wilson brought this suit to quiet title and recover possession of a strip of
land in Cross Plains, Texas, that is claimed by Wilson as the record title
holder and by Patti Chambers through adverse possession.  Wilson moved for
summary judgment on both traditional and no-evidence grounds.  The trial court
granted Wilson=s
motion and entered judgment awarding Wilson title to and possession of the
disputed strip of land.  We affirm.








Chambers
presents three issues on appeal.  In the first and second issues, she complains
of error in the exclusion of an affidavit attached to her response to the
motion for summary judgment.  In her third issue, Chambers asserts that the
trial court erred in granting the motion for summary judgment because Wilson
failed to disprove each element of Chambers=s
defense of limitations under Sections 16.026 and 16.027 of the Texas Civil
Practice and Remedies Code[1] and because
Chambers raised a genuine issue of material fact regarding adverse possession. 


Wilson
asserted both traditional and no-evidence grounds for summary judgment.  See
Tex. R. Civ. P. 166a(c),
(i).  Because the trial court did not specify the grounds it relied upon in
granting the summary judgment, we will affirm the summary judgment Aif any of the theories
advanced are meritorious.@ 
State Farm Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 380
(Tex. 1993); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).  We
find the no-evidence grounds dispositive.  We review a no‑evidence
summary judgment under the same standard as a directed verdict.  King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 750‑51 (Tex. 2003).  Accordingly, we
examine the record in the light most favorable to the nonmovant and disregard
all contrary evidence and inferences.  Id.; Wal‑Mart Stores,
Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  A trial court must
grant a proper no-evidence motion for summary judgment unless the nonmovant
produces more than a scintilla of probative evidence to raise a genuine issue
of material fact.  Rule 166a(i); Wal‑Mart, 92 S.W.3d at 506. 








It
is undisputed that Wilson is the record title holder of the disputed strip. 
Chambers claims ownership of the strip through adverse possession, not by any
deed.  With respect to the propriety of the summary judgment, the question
before us relates only to adverse possession.  Under the applicable adverse
possession statutes, a person must bring suit not later than ten years (Section
16.026) or twenty-five years (Section 16.027) Aafter
the day the cause of action accrues to recover real property held in peaceable
and adverse possession by another who cultivates, uses, or enjoys the property.@  Sections 16.026-.027.  A>Adverse possession= means an actual and visible appropriation of
real property, commenced and continued under a claim of right that is
inconsistent with and is hostile to the claim of another person.@  Tex. Civ. Prac. & Rem. Code Ann. ' 16.021 (Vernon
2002).  Wilson requested a no-evidence summary judgment based upon Athe element of possession
for an adequate number of years,@
asserting that there was no evidence of visible appropriation for at least ten
continuous years.

The
summary judgment evidence promulgated by Chambers consisted of the affidavit of
Dane H. Ratliff and the affidavit of Lavon Reed Haney.  Ratliff averred that he
had lived in the Cross Plains area all his life and was familiar with the four
lots in question.  According to Ratliff, a net wire fence with barbed wire on
top had Aextended the
south boundary lines@
of the lots since at least 1971, and Athe
owners of the north half of Lots . . . have openly[,] notoriously, and
adversely possessed the property under the net wire fence.@  Haney=s affidavit relates to her
purchase of the north half of two of the lots and her possession of the
disputed strip in 1998 B
eight years prior to the filing of this suit B
and, thus, is not evidence that the disputed strip had been adversely possessed
for at least ten years.  Haney also stated that, when she purchased the
property, an old net fence ran across from Avenue G to Avenue F, extending the
southern boundary of her property. 

Even
considering Ratliff=s
affidavit, which was excluded by the trial court, Chambers presented no
competent summary judgment evidence that the disputed strip had been adversely
possessed by someone who cultivated, used, or enjoyed it for the required
ten-year period.  There was no evidence that the net wire fence enclosed
anything and no evidence regarding who built the fence, when it was built, or
what its purpose was.  See Harlow v. Giles, 132 S.W.3d 641, 646-47 (Tex.
App.CEastland 2004,
pet. denied) (a Acasual
fence@ does not
support an adverse possession claim).  Other than Ratliff=s conclusory statement that
the owners of the north half of the lots Ahave
openly[,] notoriously, and adversely possessed@
the disputed strip and the conclusory statement that the net wire fence
extended the southern boundary of the north half of the lots, there is no
evidence that the owners of the north half of the lots have done anything to
adversely possess the property for the requisite number of years.  The
affidavits presented by Chambers do not set forth statements of fact to support
the legal conclusions asserted and, thus, are not competent summary judgment
evidence under Tex. R. Civ. P.
166a(f).  See Mem=l
Park Med. Ctr., Inc. v. River Bend Dev. Group, L.P., 264 S.W.3d 810, 819-20
(Tex. App.CEastland
2008, no pet.); see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,
904 S.W.2d 656, 661 (Tex. 1995).








We
hold that Chambers failed to present more than a scintilla of probative summary
judgment evidence to raise a genuine issue of fact regarding the challenged
element of her claim of adverse possession.  Consequently, the trial court did
not err in granting Wilson=s
motion for summary judgment based upon the no-evidence ground.  Chambers=s third issue is
overruled.  The first two issues regarding the exclusion of Ratliff=s affidavit need not be
addressed because they are not dispositive of the appeal since we considered
the entire contents of that affidavit in determining whether summary judgment
was appropriate.  See Tex. R.
App. P. 47.1.  

The
judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

June 11, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J. 









[1]Tex. Civ.
Prac. & Rem. Code Ann. '' 16.026-.027
(Vernon 2002).