Opinion filed March 14, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00055-CV

_____

## DAVID BRITCHER AND JOYCE BRITCHER, Appellants
## V.
## WELLS FARGO BANK, NATIONAL ASSOCIATION, Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CC 14,463**

### M E M O R A N D U M   O P I N I O N

David Britcher and Joyce Britcher appeal from the trial court's take-nothing summary judgment in favor of Wells Fargo Bank, National Association. We affirm.

#### Background

The Britchers owned a business named Copies Galore. According to the Britchers' allegations, the Britchers entered into an agreement to sell the business

to Wendell and Lisa Smith. In order to complete the purchase, the Smiths sought financing from Wells Fargo.

On October 26, 2005, Stephanie Rotan, a business specialist at Wells Fargo, sent a letter to the Britchers regarding the Smiths' financing application. In the letter, Rotan stated the following:

> This letter is to confirm to you that Wells Fargo Bank N.A. has approved a business acquisition loan to Lisa Smith. Total borrowings will exceed $42,000.00. We are working diligently to be able to fund the line of credit by Friday, October 28th. Funding of the business acquisition loan will take longer, we are hoping to satisfy the SBA requirements and have funds available in about nine days, and the longest may be two weeks.

In November, Wendell Smith informed the Britchers that Wells Fargo had denied the Smiths' request for a loan.

The Britchers alleged in their petition that Rotan's statement in her letter that Lisa had been approved for a loan was false. Based on Rotan's statement, the Britchers alleged fraud and negligent misrepresentation claims against Wells Fargo. The Britchers sought to recover damages that they alleged resulted from their reliance on Rotan's statement.

Wells Fargo filed a combined traditional and no-evidence motion for summary judgment based on the ground, among others, that it did not make a false representation to the Britchers. The Britchers filed a response to the motion. Following a hearing, the trial court entered an order in which it granted summary judgment to Wells Fargo.

*Issues on Appeal*

The Britchers present three points of error for review. Specifically, the Britchers contend (1) that the trial court erred when it granted summary judgment in favor of Wells Fargo, (2) that the trial court erred when it granted summary

judgment in favor of Wells Fargo on their negligent misrepresentation claim because there were genuine issues of material fact on the claim and because Wells Fargo was not entitled to judgment as a matter of law, and (3) that the trial court erred when it granted summary judgment in favor of Wells Fargo on their fraud claim because there were genuine issues of material fact on the claim and because Wells Fargo was not entitled to judgment as a matter of law.

*Standard of Review*

Wells Fargo asserted both traditional and no-evidence grounds for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). Because the trial court did not specify the grounds upon which it relied in granting the summary judgment, we will affirm the summary judgment if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). We find the no-evidence grounds dispositive. We review a no-evidence summary judgment under the same legal sufficiency standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.*; *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). A no-evidence motion is properly granted if the nonmovant fails to bring more than a scintilla of probative evidence to raise a genuine issue of material fact as to a challenged element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *King Ranch*, 118 S.W.3d at 751.

*Analysis*

The Britchers assert that the summary judgment evidence raised fact issues on their fraud and negligent misrepresentation claims. To recover on a fraud claim, a party must prove the following elements: (1) that a material representation was made; (2) that it was false; (3) that, when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth

3

and as a positive assertion; (4) that the speaker made the representation with the intent that it be acted upon by the other party; (5) that the party acted in reliance on the representation; and (6) that the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (orig. proceeding); *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992). To recover on a negligent misrepresentation claim, a plaintiff must prove the following elements: (1) that a representation was made by the defendant in the course of business or in a transaction in which it had a pecuniary interest; (2) that the defendant supplied false information for the guidance of others in their business; (3) that the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) that the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Rotan wrote the letter to the Britchers on October 26, 2005. Wells Fargo asserts that Rotan's statement in her letter that Lisa Smith had been approved for a loan was true when Rotan made the statement. Wells Fargo asserts that the Britchers failed to present any summary judgment evidence that Rotan's statement was false when it was made and that, therefore, the trial court properly granted a no-evidence summary judgment to it on the Britchers' fraud and negligent misrepresentation claims.

The Britchers filed an affidavit of David Britcher in response to Wells Fargo's motion for summary judgment. In the affidavit, David stated that, on October 11, 2005, Wendell Smith informed him that Wells Fargo had approved the Smiths' loan application. David also stated that he and Joyce received Rotan's October 26, 2005 letter. David also stated that, on November 8, 2005, Wendell Smith informed him that Wells Fargo had denied the Smiths' loan application.

4

The Britchers also presented Rotan's deposition testimony as summary judgment evidence. Rotan acknowledged in her testimony that she wrote the October 26, 2005 letter to the Britchers. She testified that, as she stated in her letter, Wells Fargo approved the loan to the Britchers and that "[i]t was already approved" when she wrote the letter. Rotan also said that she did not know whether the loan was disapproved after she wrote the letter.

There was no summary judgment evidence that Lisa had not been approved for a loan when Rotan wrote the letter. Nor was there summary judgment evidence that explained why Lisa's loan application was ultimately denied. The Britchers did not present any summary judgment evidence that Rotan made a false statement in her October 26, 2005 letter. In the absence of such evidence, the Britchers failed to raise a genuine issue of material fact on a challenged element of their fraud and negligent misrepresentation claims. Therefore, the trial court did not err when it granted a no-evidence summary judgment to Wells Fargo. The Britchers' points of error are overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

March 14, 2014                                    JUSTICE

Panel consists of: Wright, C.J.,
Bailey, J., and McCall.[1]

Willson, J., not participating.

---

[1]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.