**Affirmed and Memorandum Opinion filed August 18, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00829-CV

**PAUL STAMATIS, JR., AS INDEPENDENT EXECUTOR OF THE ESTATE OF PAUL STAMATIS, DECEASED, Appellant**

**V.**

**METHODIST WILLOWBROOK HOSPITAL, THE METHODIST HEALTH CARE SYSTEM, DANIEL MAO, M.D., AND NEPTUNE EMERGENCY SERVICES, P.A., Appellees**

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2010-34910**

## M E M O R A N D U M   O P I N I O N

In this appeal following remand, appellant Paul Stamatis, Jr., as Independent Executor of the Estate of Paul Stamatis, contends that the trial court erroneously granted a no-evidence summary judgment in favor of appellees, Methodist Willowbrook Hospital; the Methodist Health Care System; Daniel Mao, M.D.; and Neptune Emergency Services, P.A. (collectively, appellees). Stamatis also alleges

that the trial court erred in excluding his expert's causation opinion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Stamatis sued appellees for negligence arising out of the medical care that he received while at the hospital. The underlying facts and proceedings that followed are recounted in this court's opinion in *Stamatis v. Methodist Willowbrook Hospital*, No. 14-14-00492-CV, 2015 WL 3485734 (Tex. App.—Houston [14th Dist.] June 2, 2015, no pet.) (mem. op.) ("*Stamatis I*"). As explained in *Stamatis I*, on the day trial was to begin, the trial court allowed the parties to argue various issues, including: (1) whether Stamatis's expert was qualified to opine on the issue of causation; and (2) which standard of proof should apply at trial. We summarized the underlying dispute concerning the standard of proof follows:

> The parties disagreed as to whether Stamatis received "emergency medical care" under section 74.153 of the Texas Civil Practice and Remedies Code, and thus disagreed as to whether the willful and wanton standard applied. *See* [Tex. Civ. Prac. & Rem. Code § 74.153]. Under this statute, the claimant in a health care liability case involving "emergency medical care" must prove that the health care providers acted with willful and wanton negligence, as opposed to the traditional ordinary negligence standard. *See id.*

*Stamatis I*, 2015 WL 3485734, at *2. After hearing argument from both parties, but without admitting any evidence, the trial court determined as a matter of law that the willful and wanton standard applied because appellees provided emergency medical care. *Id.* The court also concluded that Stamatis's expert could not testify regarding causation. *Id.* Appellees then moved for entry of judgment, and the trial court ultimately signed a final judgment ordering that Stamatis take nothing on all of his claims against appellees. *Id.*

On appeal, this court held that the trial court erred by disposing of Stamatis's case in a manner not authorized by the Texas Rules of Civil Procedure. *Id.* at *6.

2

We reversed the trial court's judgment and remanded the case for a new trial without reaching Stamatis's issue regarding the admissibility of his expert's deposition testimony. *Id.*

On remand, appellees filed a joint no-evidence motion for summary judgment, arguing that: (1) Stamatis's claim involved emergency medical care, but Stamatis presented no evidence of willful or wanton conduct; and (2) Stamatis presented no evidence that appellees' conduct proximately caused his injuries and damages.

In response, Stamatis argued that because he only pleaded ordinary negligence, and never alleged that he received emergency medical care, a no-evidence motion for summary judgment was improper. Stamatis also claimed that appellees' no-evidence motion was improper because it was appellees' burden to prove that Stamatis received emergency medical care. Lastly, Stamatis argued that the summary judgment evidence established that he did not receive emergency medical care and that appellees' actions proximately caused his injuries.

The trial court granted appellees' no-evidence motion without specifying the grounds upon which it was granting summary judgment. The trial court also sustained appellees' objections to the previously-excluded causation opinion of Dr. Paynter, Stamatis's expert. The trial court did not specify the grounds upon which it was granting summary judgment.

### ANALYSIS OF STAMATIS'S ISSUES

Stamatis raises numerous issues on appeal, the majority of which concern whether Stamatis received emergency care. Because we conclude that Stamatis's complaints regarding the trial court's exclusion of his expert's causation opinion and Stamatis's evidence of causation are dispositive, we need not reach Stamatis's

other issues.[1]

Stamatis contends that the trial court erred in granting appellees' no-evidence summary judgment motion because he presented more than a scintilla of probative evidence that appellees' negligence caused Stamatis's injuries. In support of his contention, Stamatis points to Dr. Paynter's affidavit and deposition testimony, deposition testimony of appellees' experts, and Stamatis's medical records. However, the trial court sustained appellees' motion to exclude Dr. Paynter's testimony as to causation and sustained appellees' objections to "any opinion testimony by Dr. Paynter on the issue of causation." Therefore, in order to determine whether the trial court properly granted summary judgment, we must first determine whether the trial court properly excluded Dr. Paynter's causation opinion. We thus turn to a discussion of the trial court's evidentiary rulings.

## I.    The Trial Court's Exclusion of Dr. Paynter's Causation Opinion

Stamatis argues that the trial court erroneously excluded Dr. Paynter's causation opinion because, contrary to appellees' contentions, Dr. Paynter is qualified by his "knowledge, skill, experience, training, [and] education." *See* Tex. R. Evid. 702. However, appellees also objected to Dr. Paynter's causation opinion on the grounds that it was unreliable. When an appellee objects to evidence on several independent grounds and, on appeal, the appellant complains of the

---

[1] In his first six issues, Stamatis contends that the trial court erred in granting summary judgment because: (1) appellees moved for summary judgment on claims and causes of action that Stamatis never pleaded; (2) appellees improperly moved for no-evidence summary judgment without any determination as a matter of law that Stamatis received emergency medical care; (3) neither relevant case law nor appellees' summary judgment evidence supports a finding of emergency medical care; (4) there is more than a scintilla of evidence to raise a fact issue as to whether Stamatis received emergency medical care; (5) the trial court erred in determining Stamatis received emergency medical care because Stamatis was in a medically stable condition; and (6) Stamatis presented more than a scintilla of evidence that appellees' negligence caused injury to Stamatis. In his seventh issue, Stamatis argues that the trial court erred in granting the joint motion to exclude Dr. Paynter's deposition testimony.

4

exclusion of the evidence on only one of those grounds, the appellant waives any error by failing to challenge all possible grounds for the trial court's ruling that sustained the objection. *Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Najera v. Recana Sol., LLC.*, No. 14-14-00332-CV, 2015 WL 4985085, at *8 (Tex. App.—Houston [14th Dist.] Aug. 20, 2015, no pet.) (mem. op.). Therefore, by failing to attack all possible grounds for the trial court's ruling, Stamatis has waived his challenge on appeal. *See Gulley*, 321 S.W.3d at 218; *Najera*, 2015 WL 4985085, at *8. We overrule Stamatis's sixth issue.

## II.    The Trial Court's Grant of Summary Judgment

Having determined that Stamatis waived his challenge to the trial court's exclusion of Dr. Paynter's causation opinion, we now turn to Stamatis's contention that he presented more than a scintilla of evidence of causation.

### A. Standard of Review

A trial court must grant a no-evidence motion for summary judgment if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on each of the challenged elements. *See* Tex. R. Civ. P. 166a(i). We sustain a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

5

Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.* Conversely, more than a scintilla of evidence exists when reasonable and fair-minded people could differ in their conclusions based on the evidence. *Id.* To raise a genuine issue of material fact, the evidence must exceed mere suspicion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). "Evidence that is so slight as to make any inference a guess is in legal effect no evidence." *Id.* In reviewing a no-evidence summary judgment, we review the evidence in the light most favorable to the non-movant against whom the summary judgment was rendered. *Id.*

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, we must affirm summary judgment if any of the grounds advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Oliphint v. Richards*, 167 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

Stamatis argues that "the Affidavit of Dr. Paynter, the deposition testimony of Dr. Paynter and Appellees' experts, and the medical records of [Stamatis] constitute more than a scintilla of probative evidence that the alleged negligence of the Appellees cause[d] injury to [Stamatis]." However, we have already determined that Stamatis waived his challenge to the exclusion of Dr. Paynter's causation opinion. Therefore, we must determine whether the cited testimony of appellees' experts or Stamatis's medical records amount to more than a scintilla of evidence of causation.

## B. Analysis

Stamatis points to various statements from appellees' experts, claiming that these excerpts demonstrate that appellees' actions caused his injuries. However,

6

contrary to Stamatis's contention, none of appellees' experts opined that appellees' conduct caused Stamatis's bladder injury. The cited testimony includes general statements concerning the anatomy of the bladder and Stamatis's condition before and during his stay in the emergency room. For example, Dr. McDonald testified regarding a urinary condition called nephrosis and stated that in his opinion, Stamatis's bladder contained approximately 1600 ccs of urine at the time of his CT scan. Dr. Varon testified as to Stamatis's urine output and opined that an output of 400 milliliters "would not necessarily be abnormal." Dr. Varon also stated that if the detrusor muscle was stretched too far, injury could result. In the referenced excerpts from Dr. Fishman, the doctor testified that he did not see anything in Stamatis's medical records regarding a prior detrusor injury or a history of urinary tract infections. None of the above-referenced testimony supports Stamatis's contention that appellees caused his injury.

Similarly, Stamatis's medical records do not provide evidence of causation. According to Stamatis, the attached portions of Stamatis's records indicate the results of the CT scan, the amount of time that passed before a catheter was inserted, the condition of Stamatis's bladder after catheterization, and Stamatis's inability to void on his own following his discharge from the hospital. Stamatis also points to records from Dr. Westney, a urologist who examined Stamatis following a referral. Dr. Westney noted that Stamatis was "referred to the Urology Department for evaluation of urinary retention which began during an emergency room visit on 06/15/08." Additionally, testing by Dr. Westney concluded that Stamatis "was suffering from an injured, atonic Detrusor muscle of the bladder." Although these notes and records describe various aspects of Stamatis's condition, they do not contain any opinions or conclusions regarding the cause of Stamatis's condition.

7

Furthermore, as Dr. Paynter's causation opinion was properly excluded, Stamatis has no expert testimony to interpret these records and explain how the records support Stamatis's contention that appellees caused his injury. Generally, expert testimony is required to establish causation in a medical malpractice case. *See Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010); *Kimbrell v. Mem'l Hermann Hosp. Sys.*, 407 S.W.3d 871, 879 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "An expert witness must 'explain how and why the negligence caused the injury.'" *Kimbrell*, 407 S.W.3d at 879 (quoting *Jelinek*, 328 S.W.3d at 536). Stamatis has not satisfied his burden to produce evidence of causation.

Stamatis attempts to argue that because a bladder injury was not diagnosed or recognized before his visit to the hospital, but was diagnosed after, appellees' conduct during his hospital stay must have caused the injury. But the Texas Supreme Court has repeatedly rejected such an argument. In *Guevara v. Ferrer*, the court noted that although "[e]vidence of an event followed closely by manifestation of or treatment for conditions which did not appear before the evident raises suspicion that the event at issue caused the conditions[,] . . . suspicion has not been and is not legally sufficient to support a finding of causation." 247 S.W.3d 662, 668 (Tex. 2007); *see also Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010) ("Care must be taken to avoid the *post hoc ergo propter hoc* fallacy, that is, finding an earlier event caused a later even merely because it occurred first. Stated simply, correlation does not necessarily imply causation."). We conclude that Stamatis has not produced legally sufficient evidence of causation, and we overrule his sixth issue.

Having determined that Stamatis has not presented more than a scintilla of evidence on the element of causation, we affirm the trial court's grant of appellees' no-evidence summary judgment motion on that basis. We need not, and do not,

address Stamatis's remaining issues. *See* Tex. R. App. P. 47.1.

**CONCLUSION**

We affirm the judgment of the trial court.


/s/    Ken Wise
        Justice


Panel consists of Justices Boyce, Brown, and Wise.